THOMAS COWAN v. THE MUSKEGON RAILWAY COMPANY.

*Negligence—Street railway companies—Pleading—Cause of action.*

| 84 | 583 |
|----|-----|
| 87 | 640 |
| 84 | 588 |
| 98 | 251 |
| 98 | 522 |
| 84 | 583 |
| 100 | 106 |
| 84 | 583 |
| 105 | 449 |
| 84 | 583 |
| 145 | 635 |

A street railway company is not guilty of negligence in excavating and throwing up earth in the street while engaged in repairing and laying its track; and a declaration, in which the plaintiff claims to recover damages for injuries to his carriage by reason of its being driven onto such an obstruction and capsized, which fails to aver that the earth was allowed to remain in the street for an unreasonable time, or in the night-time, or without lights or barriers as warnings, and which fails to aver that the driver was exercising due care, fails to set forth a cause of action.

Error to Muskegon. (Dickerman, J.) Argued January 9, 1891. Decided February 27, 1891.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin,* for appellant.
*DeLong & O'Hara,* for plaintiff.

McGRATH, J. Defendant company owns and operates a street railway at Muskegon. On October 20, 1889, it was engaged in extending and laying its tracks, and had excavated and dug up the ground on Lake street, and had thrown up quantities of dirt and rubbish into the street adjoining its tracks. Plaintiff's buggy was being driven upon the street in the night-time, and, coming upon one of these heaps of dirt, was capsized and injured, and plaintiff brought suit in justice's court, recovered in that court, and defendant appealed to the circuit court, where plaintiff again recovered.

Plaintiff's declaration is in writing, and is as follows:

"*Muskegon County—ss:*

"Thomas Cowan, plaintiff herein, by DeLong & O'Hara, his attorneys, complains of the Muskegon Railway Company, a corporation duly organized and existing under the laws of the State of Michigan, defendant, duly summoned in the plea of trespass on the case, for that, whereas, the defendant heretofore, to wit, on the 20th day of October, 1889, was the owner and in possession of a line of the street-railway track in certain streets of the city of Muskegon, to wit, on Lake street, in said city; and, being the owner and in possession thereof, said defendant, on the day and year last aforesaid, for the purpose of laying track and making other improvements in and upon the said line of railway and track, graded and excavated and dug up the ground on said · Lake street, and carelessly and negligently piled and threw up a large amount of dirt, rubbish, and ground, so that the same became and was dangerous for the driving of teams and vehicles.

"Plaintiff further avers that on the day and year last aforesaid he was the owner of a certain top carriage, which he on said day let or hired to one Richard Call; that he, the said Richard Call, took said carriage, to which was hitched a certain horse of the said plaintiff; and he, the said Call, drove said horse and rode in said carriage past and upon said Lake street, which said Lake street was a public street and a public highway in said city; and while the said Call was driving said horse and riding in said carriage, and driving the same in a careful and prudent manner, and without any knowledge that the said dirt and rubbish was so piled and thrown up in said street, and without any fault upon the part of said Call, he, the said Call, drove said top carriage upon and against said piles of rubbish and dirt, by means of which said carriage was overturned, broken, and injured, so that the same · was damaged in a large sum, to wit, in the sum of thirty dollars, to the damage of the said plaintiff, thirty dollars. Therefore he brings suit."

Defendant pleaded the general issue. The accident occurred in the night-time. Two ladies were with Call in the buggy at the time. Call and one of the ladies

occupied the buggy-seat, and the other lady, who was about 17 years of age, sat between the other two, and was driving at the time of the accident. They had driven along the street twice before on the same evening, without accident; and Call, who was driving on these occasions, had noticed these obstructions. Call testified that there was no light of any kind at the obstruction, and defendant had given testimony tending to show that lights had been placed upon it. At the close of plaintiff's proofs defendant asked the court to direct a verdict for defendant, but the court refused so to do. At the close of the proofs defendant asked the court to instruct the jury:

"1. The plaintiff, in his declaration, does not complain of or allege any neglect of duty on the part of defendant for failing to erect and maintain barriers or danger signals or lights, and there can be no recovery by the plaintiff for any injury sustained in consequence of the omission of such duty.

"2. The testimony on the part of the plaintiff does not establish the case set out in the declaration, and your verdict should be for the defendant."

The court refused these requests, and error is assigned upon the refusal of the court to direct a verdict, and also upon the refusal of the court to instruct the jury as requested.

We think the court should have directed a verdict for the defendant. In the ordinary course of operating its street railway the defendant was engaged in repairing and laying its track, which it had the undoubted right to do; and it was not negligence for it to excavate and throw up earth while thus engaged. The proofs do not show that the earth was allowed to remain there for an unreasonable time, nor does the declaration allege that it was allowed to remain there in the night-time, or without lights or barriers. Again, the declaration avers that

Call was driving at the time of the accident, while the proofs showed that the young lady was driving, and the declaration contains no averment that she was exercising due care. Not only is there a material variance between the declaration and the proofs, but the declaration fails to set forth a cause of action.

The judgment is reversed, and a new trial granted.

The other Justices concurred.