FRANK ZANGER V. THE DETROIT CITY RAILWAY COM-
PANY AND THE CITY OF DETROIT.

*Street-railway companies—Obstruction to highway—Contributory
negligence.*

1. A street-railway company is not guilty of negligence in allow-
   ing material taken from between its rails while repairing its
   track to remain in the street along-side its track for a few
   hours (five or six in this case) in the day-time.

2. One who knows that a street-railway track is being repaired,
   and sees an obstruction in the street by reason of such repairs,
   and drives over the same on a trot, without any consideration
   that a high, loose box upon which he is sitting might be
   thereby thrown out of the wagon, is guilty of such contribu-
   tory negligence as will bar a recovery for injuries thereby
   sustained.

Error to Wayne. (Reilly, J.) Argued June 20, 1891.
Decided October 9, 1891.

Negligence case. Plaintiff brings error. Affirmed. The
facts are stated in the opinion.

*James H. Pound,* for appellant, contended:

1. On the case as it stands, plaintiff was entitled to have a verdict
   directed in his favor, except as to an inquest of damages;
   citing *Bowen v. Railway Co.,* 54 Mich. 496; *Wallace v. Rail-
   way Co.,* 58 Id. 231; *Laughlin v. Railway Co.,* 62 Id. 220.

2. A question of negligence is a question of fact, as a general
   rule; citing *Railroad Co. v. Van Steinburg,* 17 Mich. 99; *Iron
   Co. v. Erickson,* 39 Id. 492; *LeBaron v. Joslin,* 41 Id. 313; and
   this, too, even where plaintiff's evidence tends to convict him
   of contributory negligence; citing *Flater v. Fey,* 70 Id. 644;
   and if the case is not free from doubt upon the facts, the
   question should be submitted to the jury; citing *Sheldon v.
   Railroad Co.,* 59 Mich. 172; *Mynning v. Railroad Co.,* Id. 257,
   64 Id. 93; and the same rule applies where there is any
   evidence of negligence; citing *Macomber v. Nichols,* 34 Mich.
   212; *Hassenyer v. Railroad Co.,* 48 Id. 205; *Beauchamp v.*

*Mining Co.*, 50 Id. 163; *Peer v. Ryan,* 54 Id. 224; *Palmer v. Harrison,* 57 Id. 182; *Nelson v. Mining Co.,* 65 Id. 288; *Bueck v. Lindsay,* Id. 105; *Marshall v. Furniture Co.,* 67 Id. 167; *Luke v. Mining Co.,* 71 Id. 364; *Breckenfelder v. Railway Co.,* 79 Id. 562; *Underhill v. Railway Co.,* 81 Id. 45; and as bearing upon what questions should be left to the jury, counsel cited *Boick v. Bissell,* 80 Mich. 260; *Little v. Railway Co.,* 78 Id. 205; *Eddy v. Mining Co.,* 81 Id. 555.

*Sidney T. Miller* and *Brennan & Donnelly,* for defendant Detroit City Railway Company.

*John J. Speed,* for defendant city.

LONG, J. This is an action on the case brought to recover damages for being thrown from a wagon and severely injured through the joint negligence of both defendants.

The plaintiff is a pretzel manufacturer, and vends and delivers his pretzels to different saloon-keepers in the city of Detroit. On July 29, 1890, he was engaged in delivering pretzels with a horse and light spring wagon, in which was a box in which he carried the pretzels he sold. The pretzel-box was high, and sat within the wagon-box, but was not fastened thereto. The seat occupied by the driver was on top of the front end of the pretzel-box, with the feet resting upon a guard.

Baker street is a public street in the city of Detroit, running in an easterly and westerly course, and had been paved with cedar blocks. The Detroit City Railway Company's track occupies the center of the street, and at the time before stated the company was engaged in replacing the cedar-block pavement between the rails of its track with cobble-stones. In doing so it had obstructed the south side of the street in the block east of Seventeenth street with blocks removed from the center of the street and with the cobble-stones, so that travelers could not pass with vehicles on that side of the street. The evidence

tended to show that the railway company had deposited a ridge of sand or *débris*, taken from between the rails, along or close beside the north rail, causing a ridge about six inches in height and some 50 feet in length, extending from Seventeenth street east to where the employés of the company were repairing the track.

Plaintiff had invited a Mr. Poole to ride with him that morning, and he was seated at the right hand of Zanger upon the box. The plaintiff drove from Eighteenth street east on the south side of Baker street, and as he passed Seventeenth street he observed the men at work repairing the street railway, and the obstructions upon the south side, and when about 10 feet therefrom, drove angling across the track to the north side, at a speed of from four to six miles an hour. He saw the ridge, which was about six inches high, and the forward wheels passed over it without difficulty; but just as the right hind wheel was upon the ridge the left forward wheel went into a hole in the cedar-block pavement, which he had not seen, when the wagon tipped, the pretzel-box was capsized, and the plaintiff and Poole were thrown to the ground, plaintiff falling upon some iron rails lying in the street next to the gutter, and his leg was broken. The testimony tended to show that the hole was about one foot long, about as wide, and from five to seven inches deep, and was caused by the cedar blocks having been worn out or removed. Plaintiff's testimony tended further to show that he drove by there on the Sunday previous, and no work was then going on, and there were no obstructions there; and that on the morning of the 29th, the date of the injury, before he reached the obstruction, he saw that they were repairing the streets, and the blocks torn up.

Defendants introduced no testimony. When the plaintiff closed his proofs, counsel for defendants requested the

court to direct a verdict for the defendants. The court so directed the verdict, and plaintiff brings error.

It is claimed on behalf of the street railway-company that there is no proof of negligence upon its part; that it was repairing its track at or near the place of the accident, and it had a right to deposit material taken from between the rails at the side of its track; and that it would not be liable if it removed the deposit within a reasonable time.

We think counsel are correct in this contention. It was held in *Bowen v. Railway Co.*, 54 Mich. 502, that, in an action to recover for an injury caused by an obstruction to the highway, it is proper for the plaintiff to base his right of action upon the obstruction as unlawful at the time of the injury, and it rests upon the defense to show that the obstruction was lawful under the circumstances; that it is always a sufficient answer to say that the obstruction was in the highway for only a reasonable time, and for a lawful purpose. It appears in the present case that the obstruction placed in the highway by the defendant railway company had only remained there for a few hours,[1] and not for an unreasonable length of time.

This doctrine was also laid down in *Cowan v. Railway Co.*, 84 Mich. 583, where it was said:

"In the ordinary course of operating its street railway the defendant was engaged in repairing and laying its track, which it had the undoubted right to do; and it was not negligence for it to excavate and throw up earth while thus engaged. The proofs do not show that the earth was allowed to remain there for an unreasonable time, nor does the declaration allege that it was allowed to remain there in the night-time, or without lights or barriers."

---

[1] It was placed there in the morning of the day of the accident, which occurred at about 11 o'clock in the forenoon.

The proofs in the present case have no tendency to show any negligence on the part of the street-railway company.

So far as the defendant city is concerned, there is no proof tending to make a case in favor of the plaintiff against it. The proximate cause of the injury was this ridge of sand across which the plaintiff drove. It is not shown by the record, nor claimed, that the injury would have occurred solely by reason of the defect in the street occasioned by the hole, but the plaintiff's whole case is grounded upon the theory that, by running upon this ridge of sand with one wheel, and the other dropping into the hole, the injury was occasioned. We think no case was made against the city.

Aside from these considerations, I think the court was correct in taking the case from the jury upon the ground of the plaintiff's contributory negligence. He saw the men at work there, knew the track was being repaired, saw the pile of sand, and drove over it with the horse upon a trot, and without any consideration that the high, loose box upon which he was riding might be turned out of the wagon by running over this obstruction, which was plainly within his view.

The judgment must be affirmed, with costs.

MORSE and GRANT, JJ., concurred with LONG, J.

CHAMPLIN, C. J. *(dissenting)*. This is an action on the case brought to recover damages for being thrown from a wagon and severely injured through the joint negligence of both defendants.

The plaintiff is a pretzel manufacturer, and vends and delivers his pretzels to different saloon-keepers in the city of Detroit. On July 29, 1890, he was engaged in delivering pretzels with a horse and light spring wagon, in which was a box in which he carried the pretzels he

sold. The pretzel-box was high, and sat within the wagon-box, but was not fastened thereto. The seat occupied by the driver was on top of the front end of the pretzel-box, with the feet resting upon a guard.

Baker street is a public street in the city of Detroit, running in an easterly and westerly course, and had been paved with cedar blocks. The Detroit City Railway Company's track occupies the center of the street, and at the time above stated it was engaged in replacing the cedar-block pavement between the rails of its track with cobble-stones. In doing so it had obstructed the south side of the street in the block east of Seventeenth street with blocks removed from the center of the street and with the cobble-stones, so that travelers could not pass with vehicles on that side of the street. The evidence tended to show that the railway company had deposited a ridge of sand or *débris*, taken from between the rails, along or close beside the north rail, causing a ridge about six inches in height and 50 feet in length, extending from Seventeenth street east to where the employés of the company were repairing the track.

Plaintiff had invited a Mr. Poole to ride with him upon the morning of the 29th of July, and he was seated at the right hand of Zanger upon the box. The plaintiff drove from Eighteenth street east on the south side of Baker street, and as he passed Seventeenth street he observed the men at work repairing the street railway, and the obstructions upon the south side, and, when about 10 feet therefrom, drove angling across the track to the north side, at a speed of from four to six miles an hour. He saw the ridge, which was about six inches high, and the forward wheels passed over it without difficulty; but just as the right hind wheel was upon the ridge the left forward wheel went into a hole in the cedar-block pavement, which he had not seen, when the

wagon tipped, the pretzel-box was capsized, and plaintiff and Poole were thrown to the ground, plaintiff falling upon some iron rails lying in the street next to the gutter, and plaintiff's leg was broken. The testimony tended to show that the hole was about one foot long, about as wide, and from five to seven inches in depth, and was caused by the cedar blocks having been worn out or removed. There was testimony tending to show that this defect in the pavement had existed at least four or five weeks. There was also testimony tending to show that the plaintiff was exercising ordinary care, and that the accident was caused by the ridge of sand and the hole in the pavement, over and into which the plaintiff drove at a speed of from four to six miles an hour.

The defendants introduced no testimony. When the plaintiff closed his proofs, Mr. Donnelly, counsel for the railway company, stated to the court:

"I desire to make a motion that, under the pleadings and proofs, there can be no recovery against the Detroit City Railway, because of the conduct of the plaintiff himself, and there is no proof of negligence on the part of the railway company."

Mr. Speed, of counsel for the city, then said to the court:

"The liability of the city, if there is any, is solely under the statute. The city would not be liable at all until a reasonable time had elapsed in which to remove the ridge of sand."

Thereupon the court said:

"I don't think the plaintiff has made out a case. It appears from the evidence that he was riding in a light spring wagon, with a loose box in it, not fastened to the conveyance, or to the wagon upon which he was sitting; that these two men sat upon it. They were riding in plain view of these obstructions, and were thrown out. I don't think he used the care that he should have used,

and I think that the accident might have been avoided if he had taken the pains that every man ought to take in driving over the streets. Under the evidence in this case, your verdict will be for the defendants."

To this instruction counsel for the plaintiff then and there excepted.

The question is whether the court erred in taking the case from the jury. It is claimed on behalf of the railway company that there is no proof of negligence upon its part; that it was repairing its track at or near the place of the accident, and it had a right to deposit the material taken from the space between its rails at the side of the track; and that it would not be liable if it removed the deposit within a reasonable time.

In *Bowen v. Railway Co.*, 54 Mich. 502, we held that, in an action to recover for an injury caused by an obstruction to the highway, it is proper for the plaintiff to base his right of action upon the obstruction as unlawful at the time of the injury, and it rests upon the defense to show that the obstruction was lawful under the circumstances; that it is always a sufficient answer to say that the obstruction was in the highway only a reasonable time, and for a lawful purpose.

The plaintiff made a *prima facie* case of negligence when he showed the obstruction, and gave evidence tending to show that the railway company placed it there. It is true, as claimed by counsel for the company, that, where the facts are conceded or undisputed, the question of reasonable time is for the court; but the court must be informed of the time before it can determine that it is reasonable, and the railway company should have informed the court of the time the ridge of sand had existed, and the circumstances bearing upon the duty of the company to do what should have been done, to show

that the obstruction was lawful, and that it was not in default in not removing it sooner.

The suggestions of the attorney for the city, as reasons why the case should be taken from the jury, misconceive the claim made by the plaintiff upon which the city is to be held liable. He does not seek to hold the city liable for the defect in the street caused by the ridge of sand, but for permitting the street itself to be and remain out of repair after it had notice of the defect. The defect complained of, and which contributed to the injury, as claimed, was the hole in the pavement; and there was testimony tending to show that the defect had existed for so long a time that, if the jury believed the testimony, they would have been authorized to find as a fact that the city had notice of such defect, and had neglected for a reasonable time after such notice to repair the street.

But the court took the case from the jury upon the ground that the plaintiff himself neglected to take such care as the circumstances demanded, and by reason thereof contributed to his own injury. The speed at which the plaintiff was driving was not *per se* negligence on his part. It requires the combined circumstances, — the obstruction in the street, the defect in the pavement, the speed at which he was driving, and the care and caution exercised,—these must all be considered in reaching a conclusion as to whether he was exercising that care which a prudent man would have exercised under all the circumstances. He did see the ridge, which to all appearances was a ridge of sand six inches in height. Would it have been prudent for a person to drive on a slow trot over such an apparent obstruction? Would persons of ordinary intelligence, judging of such conduct by the ordinary actions of careful and prudent persons, come

to but one conclusion, and that one that the plaintiff was heedless of his own welfare, and of the risk of accident and injury, in doing as he did under the circumstances? Ought he, in exercising due care, to have discovered the hole in the pavement in. time to avoid it? and ought he to have avoided it, under the circumstances, whether the defect was known or unknown? Was the ridge such an obstruction as called upon the plaintiff, in the exercise of due care on his part, to bring his horse to a walk, or, if need be, to stop him, before attempting to cross?

I am not prepared to say that every unbiased mind, acquainted with the motives which usually actuate men of ordinary intelligence to act prudently for their own safety, would reach the same conclusion upon the circumstances above stated, and would, with one accord, pronounce the plaintiff as failing to exercise that care which prudent men of ordinary intelligence would exercise under like circumstances. Consequently the case is one that should have been submitted to the jury.

McGRATH, J., did not sit.