WILLIAM PRESTON V. THE CHICAGO & WEST MICHIGAN
RAILWAY COMPANY.

*Master and servant—Railroad companies—Defective appliances.*

Plaintiff, a locomotive engineer, was injured by a collision with
flat cars, one of which reared, and struck the corner of the
tank on the tender of the engine, and raised and slewed it
around against the engine cab, pinioning and injuring the
engineer. The sole negligence charged was the failure properly
to fasten the tank to the frame on which it rested. The testi-
mony failed to show that, for all ordinary purposes, the tank
was not securely fastened. And it is held that a verdict should
have been directed in favor of the defendant.

Error to Muskegon. (Dickerman, J.) Argued Novem-
ber 21, 1893. Decided December 8, 1893.

Negligence case. Defendant brings error. Reversed.
The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin* (*Smiley, Smith & Stevens,*
of counsel), for appellant.

*Jones & Clark,* for plaintiff.

McGRATH, J. Plaintiff was a locomotive engineer in
defendant's employ, and, while switching in the yard at
Muskegon, was injured in a collision. The sketch on next
page will illustrate the situation of the tracks.

Plaintiff, while backing his engine and drawing a train
of freight cars on the spur A towards the main track, col-
lided with flat cars which were being backed upon the
main track from the spur B. Two of the freight cars
were thrown some distance west of the main track, one of
them striking and breaking a telegraph pole, which was
about 10 inches in diameter, and stood west of the main

track. One of the flat cars reared, and struck the corner of the tank on the tender of plaintiff's engine, breaking a hole in the tank, and raising and slewing it around against the engine cab, pinioning and injuring plaintiff. Plaintiff recovered a verdict of $9,000, and defendant appeals.

The sole negligence charged is the failure to properly fasten the tank to the frame on which it rested. The tank was moored at the rear with two bolts, from five-eighths to three-quarters of an inch in thickness, reaching from ears or lugs attached to the tank down through the woodwork, with nuts on the lower ends. These bolts were drawn out of their sockets. One was broken off several inches from the head, and the other partially broken. There was no testimony tending to show that, for all

ordinary purposes, this tank was not securely fastened. The engine was old, had been in the passenger service for years, and was then transferred to this service, in which it had been for some time. The tank had stood the test of the ordinary jars to which it had been subjected, and there was no evidence that it had been loose, or that any weakness had been displayed. The only testimony offered was that each of the ears or lugs had two holes and but one bolt, and that in some cases four bolts were ordinarily used, and in others but two. These tanks are not intended to act as buffers in any case, much less in cases of collision. The evidence falls far short of making out a case of negligent construction, and it is unnecessary to discuss the other questions raised. The court should have directed a verdict for defendant.

The judgment is therefore reversed, and a new trial granted.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.