MARY E. NOBLE v. THE ST. JOSEPH & BENTON HARBOR STREET RAILWAY COMPANY.

*Negligence—Street railways—Vicious horses—Injury to passenger— Evidence—Proximate cause.*

1. The mere piling of dirt or clay on or near a street-railway track, for use in ballasting the track where it has been undermined by a washout, is not negligence on the part of the company; citing *Cowan v. Railway Co.*, 84 Mich. 583; *Zanger v. Railway Co.*, 87 Id. 646.

2. It is the duty of a street-railway company to exercise reasonable care in selecting horses for use on its cars, and to take reasonable steps to ascertain whether they are safe for such use; and the company is chargeable with whatever knowledge a driver may have acquired or discovered with respect to the character or disposition of the horses driven by him in the course of his employment, and before an accident caused by a breach of said duty.

3. A witness who has driven a span of horses on a street railway both before and after an accident caused, as claimed, by the vicious character of the horses, may give his opinion as to whether they were safe for that kind of work; citing *Laughlin v. Railway Co.*, 62 Mich. 220; *Woodbury v. City of Owosso*, 64 Id. 239.[1]

4. The further testimony of the witness that the company, after the accident, separated the horses, is incompetent for the purpose of raising a presumption that they were vicious, and that proper care had not been taken in their selection; citing *Woodbury v. City of Owosso*, 64 Mich. 239; *Polzen v. Morse*, 91 Id. 208.[2]

5. Where no exception is taken to the admission of incompetent testimony, and no error assigned upon the ruling admitting it, the Court will not pause to consider whether the error was one which worked prejudice, as, under its well-settled practice, the alleged error cannot be considered.

[1] See *Kelley v. Railroad Co.*, 80 Mich. 241, and cases cited; *Girard v. City of Kalamazoo*, 92 Id. 612, and cases cited; *Osten v. Jerome*, 93 Id. 196.

[2] See *Langworthy v. Township of Green*, 88 Mich. 218, and cases cited; *Thompson v. Railway Co.*, 91 Id. 256.

6. Where a passenger attempts to escape from a street car which has run off the track, and, while alighting, is injured either by a kick from one of the horses or by jumping from the car, the fact that the passenger was riding upon the platform of the car at the time cannot be said to have been the proximate cause of the injury, it appearing that the like attempt to escape would have been made had she been inside the car, and that such attempt was in fact made by inside passengers.[1]

Error to Berrien. (O'Hara, J.) Submitted on briefs December 15, 1893. Decided December 22, 1893.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*G. M. Valentine,* for appellant.

*Lawrence C. Fyfe* and *William C. Hicks,* for plaintiff.

Montgomery, J. The plaintiff recovered a judgment for personal injuries received while a passenger on defendant's horse car. The duty of the company, a failure to observe which is claimed to have resulted in the injury, is alleged as follows:

"It thereupon became and was the duty of said defendant to safely carry the said plaintiff from said St. Joseph to said Benton Harbor, and to supply for said car upon which said plaintiff took passage as aforesaid safe and gentle horses, and such horses as would not become frightened or fractious at or because of any heap of material, clay, or rubbish that might be by, near, or on the said street railway, or between its tracks. Yet the said defendant did not regard its duty, or use due care in that behalf, but, on the contrary thereof, did not supply and have attached to said car upon which said plaintiff took passage as aforesaid safe and gentle horses, but carelessly neglected so to do, and carelessly and negligently did then and there have attached to said car, for the purpose of pulling said car, horses that were fractious and turbulent, and were easily

---

[1] See, as to proximate cause, *La Duke v. Township of Exeter,* 97 Mich. 450, and note; *Bleil v. Railway Co.,* 98 Id. 228.

frightened at rubbish or material that lay by, near, or on said street railway, or between its tracks, which then and there was unknown to said plaintiff."

The declaration also averred that the defendant had caused to be piled near to its tracks heaps of dirt, at which the horses became frightened, and plunged and reared, and would not be quieted; and when plaintiff was endeavoring to escape from the front platform of the car, without negligence or fault on her part, and to escape what seemed to be a great and impending danger, one of said horses suddenly, without warning, by reason of their fright, did kick said plaintiff with great force and violence, whereby the right leg of plaintiff was fractured and broken, and she was otherwise greatly injured.

The circuit judge instructed the jury that the mere fact of piling dirt or clay on or near the track was not negligence, following the decisions of this Court in *Cowan v. Railway Co.*, 84 Mich. 583, and *Zanger v. Railway Co.*, 87 Id. 646. But he also instructed the jury that it was the duty of the railway company to use reasonable care in selecting horses, and that the company was bound to know that want of reasonable care in selecting horses for use on its railway might result in injury to its passengers, and that the company was bound to take reasonable steps to ascertain whether they were safe for such use; that, if the railway company in this case used such reasonable care in selecting its horses, it was not in that respect guilty of any breach of duty towards the plaintiff; but if it failed to use the care and caution that a reasonably prudent person would have used under the same circumstances, the plaintiff had a right to complain of such want of care and prudence. The court, proceeding, said:

"Now, then, considering the use to which these horses were to be put, was the defendant reasonably prudent in

selecting and using them for that' purpose? Would a reasonably prudent person, under the same circumstances, have used more care and prudence? If these horses were fractious and easily frightened by the sight or proximity of piles of dirt or clay, did the defendant's officers know such fact? If they did not know it, what measures, if any, did they take to discover the character or disposition of such horses? Did they or did they not do all that a reasonably prudent person would have done before permitting such horses to be used in hauling its cars, or before dumping dirt or clay on or near its track? In this connection you are instructed that whatever this defendant's driver, Congdon, before this accident in question, and in the course of his employment, learned or discovered with respect to the character or disposition of these horses, is presumed to have been known by the defendant, and the defendant is chargeable with such knowledge possessed by Congdon."

We think this charge correctly embodied the law applicable to this case, if there was evidence to support it. We find that there was such evidence, and its weight was for the jury. There was not only the testimony of what occurred on the occasion in question, but the testimony of one O'Keefe, who had driven the horses afterwards, and who testified that they were not a safe team. The testimony of the driver himself had some tendency to show that the horses were more or less excitable.

It is alleged that the circuit judge erred in permitting the witness O'Keefe to give his opinion as to whether the team was a safe team. The ruling was within the previous holdings of this Court. *Laughlin v. Railway Co.*, 62 Mich. 220; *Woodbury v. City of Owosso*, 64 Id. 239.

Counsel for defendant also contends in his brief that the court erred in permitting the plaintiff to show by testimony that defendant, after the accident, separated the horses. This testimony was incompetent for the purpose of raising a presumption that the team was vicious, and that proper care had not been taken in its selection. *Woodbury v. City*

*of Owosso,* 64 Mich. 239; *Polzen v. Morse,* 91 Id. 208; Booth, St. Ry. Law, § 402. But on examination of the record we find that no exception was taken to the admission of this testimony, and no error assigned upon the ruling admitting it. We do not deem it necessary to pause to consider whether the error was one which worked prejudice, as, under the well-settled practice of this Court, the alleged error cannot be considered.

The brief contains a discussion of the question of whether the plaintiff was in fault in riding upon the platform of the car. The testimony is conflicting as to whether the car was crowded. If it was so crowded that it was impossible for her to find room inside the car, she had a right to ride on the platform without being charged with negligence for so doing. *Upham v. Railway Co.,* 85 Mich. 16; *Archer v. Railway Co.,* 87 Id. 101; Booth, St. Ry. Law, § 338. But in the present case it is clear that the injury did not result to the plaintiff because of her riding on the platform. The whole testimony on both sides shows that she was not jolted off the car, but that, when the car was thrown off the track by the action of the horses, she attempted to alight, and, as she claims, the horses veered around, and one of them kicked her, breaking her leg. The defendant claims, on the other hand, that she jumped off, and received the injury in jumping. This attempt to escape would have been made just the same had she been inside the car, and the same attempt was in fact made by the other passengers. The fact of her having previously been riding upon the platform could not be said to have been the proximate cause of the injury.

The record contains 42 assignments of error, but we think the views herein expressed cover all the substantial questions raised. There was no error which we can consider which worked a prejudice to the defendant. The jury found the facts in favor of the plaintiff after a full

and fair charge, which correctly embodied the law of the case, and the judgment will be affirmed, with costs.

The other Justices concurred.