BRIDGET O'ROURKE, ADMINISTRATRIX, ETC., V. THE CITY OF MONROE.

*Municipal corporations—Excavations in street—Liability for injury to traveler.*

1. A city is bound, when excavating in a public street for the purpose of laying water mains and pipes, to use reasonable care to protect travelers from accident.

2. At night, barriers and lights must be placed to give warning of danger; but the city is not required to place barriers to prevent the use of the street along the sides of which the excavation is being made.

3. If sufficient room is left for the passage of vehicles, travelers may use the street if they choose, but, unless the excavation is being negligently made, they assume the risk of fright to their horses.

Error to Monroe. (Kinne, J.) Argued January 3, 1894. Decided January 26, 1894.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Ira G. Humphrey,* for appellant, contended:

1. A municipal corporation is liable for its neglect to provide suitable safeguards about a work which it has caused or permitted to be made within its streets, whether it has or has not contracted for such precautions with the person executing the work; citing *Storrs v. City of Utica,* 17 N. Y. 104; *Brusso v. City of Buffalo,* 90 Id. 679; *Pettengill v. City of Yonkers,* 116 Id. 558.

2. It was for the jury to determine whether the acts complained of constituted negligence; citing *Malloy v. Township of Walker,* 77 Mich. 448; *Smith v. Township of Sherwood,* 62 Id. 159; *Macauley v. Mayor,* 67 N. Y. 602; and it is immaterial in this case whether the horse was running away or not, if without the fault of the driver; citing *Ivory v. Town of Deerpark,* 116 N. Y. 476; *Gillespie v. City of Newburgh,* 54 Id. 468; *Wagner v. Township of Jackson,* 133 Penn. St. 61; *Yeaw v. Williams,* 15 R. I. 20; *Harris v. Township of Clinton,* 64 Mich. 447.

*C. A. Golden* (*George M. Landon,* of counsel), for defendant.

GRANT, J.   At the time of the accident which resulted in the death of plaintiff's decedent, Michael O'Rourke, the Monroe Water Company, a corporation organized under the laws of this State, acting under the authority of the defendant city, was legally engaged in laying water mains and pipes along its streets.   It was digging a trench along the east side of Winchester street, at the intersection of Front street.   It left a space about 17 feet wide in the center of Front street, evidently for the passage of vehicles. The accident occurred about 9 o'clock in the forenoon. The men were digging on each side of this space, and throwing the dirt to the east side of the trench.   Their heads and shoulders were in view above the ground.   Mr. O'Rourke, accompanied by his daughter, was driving with a horse and buggy along Front street from the west.   When within a few feet of the line of the trench, the horse shied to the right, ran across the trench, and Mr. O'Rourke and his daughter were thrown out.

The negligence alleged against the defendant is the failure to keep its streets in repair, and in condition reasonably safe and fit for travel.   The specific duty on the part of the city on which plaintiff appears to rely is the erection of a fence, railing, or barrier around these excavations.

The daughter testified that "the horse was going on a stiff trot when it reached the trench, but not quite so fast

as when it turned off from the railroad track." This track was about 300 feet distant. On a former trial she had testified that the horse, after reaching the railroad track, was beyond the control of her father, who was driving, and continued beyond his control till the time of the accident. She admitted these statements, but explained them by saying: "I was a little excited, and did not answer correctly." The testimony of six disinterested witnesses is positive that the horse was running away, and was beyond control. Two of these also testify that, shortly after the accident, Mr. O'Rourke stated that his horse was frightened by the cars, and he lost control of it.

Municipal corporations may authorize or direct the digging of excavations in the street, for the purpose of laying pipes to supply the inhabitants with water, gas, and the like. In making them, they are bound to the exercise of reasonable care to protect travelers from accident. They are not required to place barriers to prevent the use of the street along the sides of which these excavations are being made. If sufficient room is left for the passage of vehicles, travelers are entitled to the use of the street, if they choose. At night, barriers or lights, or both, must be placed to give warning of danger.

It is not claimed that these excavations were being negligently made. He who chose to drive past them assumed the risk of fright to his horse. If, therefore, the horse was frightened by these excavations, it was an accident for which neither the city nor the water company is liable. Neither duty nor custom required the closing of the streets, or the construction of barriers along trenches like that in the present case. This work was being done in the usual way, and the excavations had not been left an unreasonable time. There is therefore no liability. *Cowan v. Railway Co.*, 84 Mich. 583; *Zanger v. Railway Co.*, 87 Id. 646; *Westfall v. Board of Water Commissioners*, 93 Id. 214.

The learned circuit judge was correct in directing a ver-
dict for the defendant, and the judgment is affirmed.

The other Justices concurred.