JAMES A. BENAGE, ADMINISTRATOR, ETC., v. THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY.

[See *ante*, 72.]

*Contributory negligence.*

This case is ruled by *Glover v. Scotten,* 82 Mich. 369, and there is nothing in the cases cited or arguments made on the rehearing to change the views expressed in the former majority opinion.

Rehearing, upon application of plaintiff, of case reported in 102 Mich. 72. Argued January 29, 1895. Former decision affirmed April 26, 1895. The facts are stated in the several opinions.

*R. R. Pealer, George E. Miller,* and *Bishop E. Andrews,* for appellant.

*C. E. Weaver ( George C. Greene* and *O. G. Getzen-Danner,* of counsel), for defendant.

LONG, J. This case has been reargued, and the points raised fully and carefully reconsidered.

I am unable to find anything in the cases cited or the arguments made to change my views expressed in the former opinion. The case falls so clearly within *Glover v. Scotten,* 82 Mich. 369, that it must be ruled by it, and I am not prepared to overrule that case.

Judgment must be affirmed.

GRANT and HOOKER, JJ., concurred with LONG, J.

McGRATH, C. J. (*dissenting*). Plaintiff's intestate was a brakeman upon one of defendant's way freight trains, running between Grand Rapids and White Pigeon. The

Bardeen Paper Company has two mills at Otsego, one lying between the main track and the river, and the other located on the other side of the river. A spur ran from defendant's main track to mill No. 1, and across the river, upon a trestle, to mill No. 2, the track being half circular in form. The train stopped at Otsego, left some cars at mill No. 1, and the engine, with tender attached, started in a westerly direction to back over the trestle to mill No. 2. The paper company had been allowed by defendant to erect a gate upon the trestlework about 100. feet from the easterly end thereof. The object of the gate was to prevent persons from crossing the trestle at night or on Sundays. It had been in place two or three months. At first, it seems to have been closed over the track each night, but for some time it had been closed from Saturday night to Monday morning only. When opened, the nose of the gate faced westerly, and it was supposed to be fastened with a hook to a post placed for that purpose. The engine was not a yard or switching engine, but was an ordinary freight engine, without foot-boards. As the engine started over the trestle, decedent and the conductor of the train, after attending to the switches, mounted the brake-beam in the rear of the tender, one on each side of the draw-bar. As they approached the gate, it seems to have been unfastened, and the vibrations of the trestlework, to which the gate was attached, caused it to swing to, the end of the gate striking the rear of the tender, grazing along the rear end of the tank, and crushing decedent between the end of the gate and the draw-bar. The testimony tended to show that the trestle was a rickety structure. Both parties saw the gate start, and signaled the engineer, who applied the brakes, and stopped the engine, but not in time to avoid the injury. The gate, when open, was but 39 inches from the rail, and the tender projected some distance

beyond the rail, so that the distance between the open gate and the tender was but slight.

The court below instructed the jury that decedent was guilty of contributory negligence, in that he chose a dangerous place to ride upon the engine, and directed a verdict for the defendant. In this I think the court erred. The proximate cause of the injury was the closing of the gate. The structure was there by and with the consent of the defendant. It was not a part of defendant's system. The gate was upon a spur track, which had been used by the company but occasionally in the course of a period of two or three months. In *Sweet v. Railroad Co.*, 87 Mich. 559, it was held that constructing and maintaining a side track so near to a building in the yards of the company as to endanger the lives of its employés while switching cars on said track was a violation of the duty of the company to provide a safe place for its employés to work in; and it was also held that, in the absence of testimony tending to show that one so injured had any reason to apprehend the existence of such special danger, it was a question for the jury, under all the testimony, to determine whether he knew or ought to have known of such danger.

There was no rule of the company prohibiting riding upon brake-beams. There was abundant testimony tending to show that it was customary upon such engines to ride upon the brake-beams, when engaged in like service. The conductor of the train was with the decedent upon the brake-beam when the accident occurred. The ordinary switch engine is provided with a foot-board, which occupies the same relative position which did this brake-beam, upon which it is expected and intended that switchmen shall ride in whatever direction the engine is moving. It is true that the foot-board in such case projects at each end beyond the track, but it also extends across the rear end

of the tender, and the same accident might have occurred had the decedent been riding upon the foot-board of a switch engine. At the point where the collision occurred, there was an open trestlework, and the track was some 12 feet above the water. In jumping from the car, the same danger would have confronted him in either case. It is urged that hand rails are provided upon yard engines; but the absence of them in the present case did not cause, contribute to, or aggravate the injury. The decedent was not knocked from the car or injured by a cause rendered concurrent by reason of his situation; indeed, he retained his place, and was taken therefrom after the collision. In *Preston v. Railway Co.*, 98 Mich. 128, we held that the failure to fasten the tank to the frame upon which it rested, so as to maintain its place in case of a collision, could not be regarded as negligence. In *Noble v. Railway Co.*, 98 Mich. 249, it was held that where a passenger attempts to escape from a street car, which has run off the track, and while alighting is injured, the fact that the passenger was riding upon the platform of the car at the time cannot be said to have been the proximate cause of the injury.

The judgment should be reversed, and a new trial ordered.

MONTGOMERY, J., concurred with McGRATH, C. J.