## MEILKE *v.* SCHABBLE.

1. EVIDENCE—ADMISSIONS—AGENCY.
   Testimony is competent to show that the plaintiff, after his colts were injured by defendant's dog, was refused permission to see the animal by defendant's servant in the presence of the defendant.

2. SAME.
   It was not prejudicial to admit evidence that the wife of defendant also refused to permit the plaintiff to see the dog.

3. SAME—IDENTITY.
   That there was no other dog of similar appearance in the vicinity is proper evidence to identify the defendant's animal.

4. PRINCIPAL AND AGENT—VICIOUS ANIMALS—SCIENTER—NOTICE TO AGENT.
   Notice of the vicious character of the defendant's dog may be imputed to the defendant from the fact that his servant, who had charge of and managed his farm, knew of attacks made by the dog on other persons and on animals in the highway.

5. ANIMALS—VICIOUS CHARACTER—KNOWLEDGE.
   An instruction to the jury was not error, that if they found the

dog was of such vicious character that it might have been known by the defendant, had he exercised reasonable care and attention and should have known of its character, the jury might infer notice to him of its vicious propensities.

Error to Van Buren; Des Voignes, J.    Submitted October 19, 1909.    (Docket No. 105.)    Decided December 10, 1909.

Case by Herman Meilke against August Schabble for injuries to plaintiff's colts caused by a vicious dog.    A judgment for plaintiff is reviewed by defendant on writ of error.    Affirmed.

*Barnard & Lewis*, for appellant.

*Cook & Chandler*, for appellee.

MONTGOMERY, J.    This action originated in justice's court, and was brought to recover damages for injuries to plaintiff's colts, caused by defendant's dog chasing said colts through a barbed-wire fence.    The declaration was a common-law declaration.    The circuit judge held that it was necessary to show the *scienter*.    The plaintiff recovered a verdict for the damages to the colts, and the defendant brings error.

The assignments of error are nine in number.    The first is based upon a ruling of the court admitting testimony that the plaintiff, after his colts were injured, went to the farm of the defendant and undertook to see the defendant's dog, and that he was refused the opportunity of doing so by Arnold Schabble; but, as it appears from the testimony that the defendant himself was present, and heard the conversation and the refusal of Arnold Schabble, we think this testimony was clearly competent.    It is claimed in the brief that the defendant could not understand English, but there is testimony of witnesses that the defendant could understand a whole lot of English.

Error is also assigned upon a ruling admitting testimony to show that the plaintiff was refused by Mrs. Schabble the opportunity of seeing the dog.    We think this could

not have prejudiced the jury, and indeed was competent, if only for the purpose of showing the efforts made by the plaintiff to ascertain whether the dog in question was the one that caused the injury.

Error is assigned upon evidence given to show that there was no other dog of a similar appearance in the vicinity where this injury occurred. But this hardly needs discussion. It is referred to in the brief as negative testimony; but, if it were shown that the dog in question was the only bulldog owned in that township it would have some bearing upon the question.

The main contention of the defendant, as raised by his various assignments of error, is that error was committed by refusing to instruct the jury as requested, in substance, that if the facts tending to show the vicious character of the dog were communicated to Arnold Schabble, but he failed to communicate them to August Schabble, the defendant, that would not constitute knowledge on the part of the defendant, within the meaning of the law. A similar question was raised by an exception to an instruction given by the court, in substance, that if the attacks made by this dog upon persons in the highway, upon a cow of the witness Diefenbach, and upon other persons and stock, were brought home to the knowledge of Arnold Schabble, and if the jury found that he was an inmate of the household, and was managing and directing the farm, or if they found that the dog was of such a vicious character that such character might have been known by the defendant, had he exercised reasonable care and attention, and such that the defendant ought to have known of such character, then the jury had a right to infer that he did have notice of such vicious character. The claim of the defense in this respect is based upon the claim that there is no evidence of agency on the part of Arnold Schabble, and that the mere fact that he was the son of defendant, or a mere servant of defendant, and that the information was communicated to him, was not sufficient to charge the defendant with notice.

The case relied upon be defendant is *Twigg* v. *Ryland*, 62 Md. 380 (50 Am. Rep. 226). That case states the rule contended for by defendant, with certain limitations. It makes for the rule that knowledge of a mere servant of the mischievous propensity of a dog is not sufficient to bring home knowledge to the defendant. But cases are also cited in the opinion which proceed upon the ground that, where the defendant had deputed to his coachman the care and control of the dog, notice to him of the vicious propensities or nature of the dog was notice to the master. And in the case of *Corliss* v. *Smith*, 53 Vt. 532, it was held that, where one employs an agent to control his farm and the property thereon, the agent's knowledge of the vicious habits of a dog owned and kept by the principal on the farm is the knowledge of the principal, and evidence which tends to show that the agent had such knowledge is admissible in an action against the principal for damages caused by the dog. The evidence in the present case we find clearly brings the case within this rule. There was testimony tending to show dealings with Arnold Schabble, by numerous of the neighbors, as the manager of the farm in question. There was testimony that, even when the plaintiff went to see defendant about the dog in question, Arnold Schabble, in the presence of the defendant, was the one who did the talking. There was at least enough testimony to carry the case to the jury tending to show the control and management of the farm in question by Arnold Schabble. This being so, the abstract proposition contended for that knowledge of a mere servant is not knowledge of a principal has no application. In view of this testimony the requests which were proffered by defendant were properly refused, and a careful scrutiny of the record fails to disclose any error in the submission of the case to the jury.

The judgment will be affirmed.

GRANT, OSTRANDER, MOORE, and MCALVAY, JJ., concurred.