ROBBINS v. MAGOON & KIMBALL CO.

1. MASTER AND SERVANT—NOTICE TO EMPLOYER—KNOWLEDGE—EVIDENCE—ANIMALS.

Knowledge possessed by a barnman and a teamster of defendant who had control and charge of its mule, that the animal was vicious and likely to kick, was charge-

able to the employer as the knowledge of his agents and servants, in a suit for the injury and death of an employee caused by kick of the mule, who had not been informed concerning the character of the mule.

2. SAME—NOTICE—AGENCY—IMPUTED KNOWLEDGE.

Notice to the master of the vicious propensities of such animal will be implied if the servant shown to have knowledge had charge of and control over the beast, but not otherwise.

3. SAME—EVIDENCE—KNOWLEDGE.

It was erroneous and prejudicial to exclude testimony of the teamster as hearsay, in reply to the question whether or not he had heard from other parties that the mule was a "kicker."

4. SAME—PERSONAL INJURIES—NEGLIGENCE.

The question what other knowledge, if any, the witness had of the kicking propensities of the mule, was competent and was erroneously excluded.

5. SAME—KNOWLEDGE—SUBSEQUENT ACTS—VICIOUS NATURE.

Plaintiff was also entitled to show the vicious character of the mule immediately following the date of decedent's injuries, as tending to establish the character or nature of the mule.

Error to Muskegon; Sullivan, J. Submitted November 4, 1914. (Docket No. 136.) Decided June 14, 1915.

Case by William A. Robbins, as administrator of the estate of William J. Robbins, deceased, against the Magoon & Kimball Company, a corporation, for the unlawful killing of plaintiff's intestate. Judgment for defendant upon a verdict directed by the court. Plaintiff brings error. Reversed.

*John G. Anderson* (*Cross, Vanderwerp, Foote & Ross,* of counsel), for appellant.

*R. J. Macdonald* (*W. J. Turner,* of counsel), for appellee.

186 Mich.—43.

BIRD, J. In June, 1913, defendant was engaged in the business of selling and delivering ice to its customers, in the city of Muskegon. Plaintiff's intestate was employed to assist one of defendant's regular teamsters in making the deliveries. On June 28th, at about midnight, the men finished their work and drove to defendant's office. The teamster Dobbs directed plaintiff's intestate to drive the mules to the barn, while he went to the office and made his daily settlement. Plaintiff's intestate complied with this direction and drove the mules to the barn. The teamster followed soon after, and found him lying on some hay a short distance from the mules. Upon inquiry, he learned from him that one of the mules had kicked him when he leaned over to unhitch the tug. His injuries proved fatal the following day. It is claimed by the plaintiff that the mule was vicious, and that defendant had knowledge of the fact prior to the injury, and for this negligence in directing the deceased to work with the vicious mule, it is liable in this action. The trial court directed a verdict for the defendant on the ground that the proofs failed to show that the defendant had knowledge of the vicious character of the mule, and this presents the principal question in the case.

Plaintiff sought to charge the defendant with notice and knowledge of the fact that the mule was vicious, by showing that Dobbs, the teamster, and McDonald, the barnman, had knowledge that the mule was vicious, and it is claimed on the part of the plaintiff that this knowledge, so possessed by the servant of defendant, was sufficient to charge the defendant with knowledge of the fact. On the other hand, it is claimed by the defendant that the mere fact that its teamster and barnmen had notice of the vicious character of the mule would not charge the defendant with knowledge of the fact. The general

rule making the knowledge of the servant the knowledge of his master in such cases is stated as follows:

"Knowledge of a servant or agent of an animal's vicious propensities will be imputed to the master when such servant or agent has charge or control over the animal, but not otherwise." 2 Cyc. p. 378.

This rule was followed by this court in *Noble* v. *Railway Co.,* 98 Mich. 249 (57 N. W. 126). That case involved the viciousness of a team of horses. The trial court in that case instructed the jury that:

"In this connection you are instructed that whatever this defendant's driver, Congdon, before this accident in question, and in the course of his employment, learned or discovered with respect to the character or disposition of these horses, is presumed to have been known by the defendant, and the defendant is chargeable with such knowledge possessed by Congdon."

And this court held that the foregoing was a proper statement of the law. The rule was again followed in *Meilke* v. *Schabble,* 159 Mich. 163 (123 N. W. 552). The viciousness of a dog was in question, and it was held that whatever knowledge or information came to the servant who had the dog in charge was notice to the master. The case of *Brown* v. *Green,* 1 Pennewill (Del.), 535 (42 Atl. 991), is an interesting one, because of the fact that this rule was applied to a state of facts very much like those involved in this case. Tested by this rule, we must conclude that, in view of the proof received and the proffered proofs, the trial court was in error in directing a verdict for the defendant on this ground.

The witness Dobbs was not permitted to answer the following questions:

(1) "*Q.* Did you hear from others that he was a kicker?

(2) "*Q.* What other knowledge, if any, did you

have of his kicking propensities before this happened?"

The witness Wherry, who succeeded the deceased on the wagon, was not permitted to testify as to vicious acts of the mule immediately after the injury.

The first question was rejected because it was hearsay. It was competent for the purpose of showing notice of the vicious character of the mule to the servant, and it should have been admitted.

The second question was proper as it bore directly upon the issue as to whether the mule was in fact vicious.

The witness Wherry should have been permitted to testify to vicious acts of the mule immediately after the injury to deceased. It had a tendency to establish the character of the mule with reference to viciousness. Acts tending in that direction which occurred after, as well as before, the injury were competent for that purpose. 2 Cyc. p. 386; *Brown* v. *Green, supra; Noble* v. *Railway Co., supra.*

For the errors pointed out, the judgment will be reversed and a new trial ordered.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred with BIRD, J.

McALVAY, J. I find no evidence in the case to prove that deceased was kicked by the vicious mule; however, I concur in the result.