CHAS. JACKSON, a Minor, by L. M. Moore, His Guardian, *ad Litem* v. CITY OF JAMESTOWN, a Municipal Corporation.

(157 N. W. 475.)

**Contributory negligence — trench or ditch — open — sidewalk — outside of — curb line.**

1. It is *held* that under the facts of the case it was contributory negligence for the plaintiff to step backwards into an open trench or ditch which was some 1½ feet deep and 1 foot 4 inches wide, and which lay about a foot outside of the sidewalk, and just inside the curb line, and at the corner of a street.

**Pedestrians — public streets — of city — must use sense — danger — must use his faculties — to avoid — municipal officers — presumption — duty — performance — obvious excavations — failure to notice.**

2. A pedestrian upon the public streets of a city must use his senses, and not blindly walk or step backwards into a pit-fall, and, in walking upon such streets, he must make use of his faculties to discover danger and protect himself therefrom. He cannot rely so far on the presumption that the municipal authorities have done their duty and have kept the highway in a safe condition and in repair, as to go blindly forward without looking ahead and to take chances of getting along safely. His failure to notice obvious excavations in the sidewalk or at the edge thereof will be imputed to him as contributory negligence, unless his attention has been distracted in some other direction, not idly, but by some sufficient cause.

**Pedestrian — attention — diverted — sufficient cause — excuse — contributory negligence.**

3. The fact that a pedestrian's attention is diverted from an open and obvious danger will not excuse him from contributory negligence in stepping

---

Note.—The note referred to in the opinion in 21 L.R.A.(N.S.) 615, gives a full discussion of cases on the effect of contributory negligence and municipal liability for defects and obstructions in the highway, and for subsequent cases on this same subject, see note in 48 L.R.A.(N.S.) 629.

The effect of deviation from sidewalk or crossing by pedestrian is taken up in note in 17 L.R.A. 124.

On contributory negligence in the use of a street known to be out of repair, see note in 44 Am. Rep. 276.

When contributory negligence in the use of highway bars a recovery for injuries suffered is discussed in note in 47 Am. Rep. 744.

into the same, where such diversion of attention is self-induced and is caused by his talking to and joking with a friend.

Opinion filed March 30, 1916.·

Action to recover damages for personal injuries.

Appeal from the District Court of Stutsman County, *Coffey,* J.

Judgment for plaintiff. Defendant appeals.

Reversed and judgment directed for defendant.

*O. J. Seiler* and *Thorp & Chase,* for appellant.

It is not necessary that a question should be hypothetical in form when the opinion of the witness is based, not upon assumed facts, but upon his personal knowledge and observation. 2 Jones, Bluebook on Ev. § 375, and cases cited; Kinney v. Brotherhood of American Yeoman, 15 N. D. 21, 106 N. W. 44; Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359.

Evidence as to the tubercular condition of the plaintiff resulting from the injury was inadmissible because no foundation laid. Whart. & S. Med. Jur. §§ 546, 547; Briggs v. New York C. & H. R. R. Co. 177 N. Y. 59, 10 Am. St. Rep. 718, 69 N. E. 223, 15 Am. Neg. Rep. 396; Paty v. Martin, 15 La. Ann. 620; 17 Cyc. 212b, 226; Warsaw v. Fisher, 24 Ind. App. 46, 55 N. E. 42; Kelly v. Perrault, 5 Idaho, 221, 48 Pac. 45.

Where an answer to a proper question is conjectural and speculative, it should be stricken out. Swenson v. Brooklyn Heights R. Co. 15 Misc. 69, 36 N. Y. Supp. 445; Tozer v. New York C. & H. R. R. Co. 105 N. Y. 617, 11 N. E. 369; Fuller v. Jackson, 92 Mich. 197, 52 N. W. 1075; Kinney v. Brotherhood of American Yeoman, 15 N. D. 21, 106 N. W. 44.

The rule must be followed, for otherwise there is no basis upon which the jury can measure the value of the opinion. Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359; Bucher v. Wisconsin C. R. Co. 139 Wis. 597, 120 N. W. 518; Spear v. Hiles, 67 Wis. 361, 30 N. W. 511; Baxter v. Chicago & N. W. R. Co. 104 Wis. 307, 80 N. W. 644, 6 Am. Neg. Rep. 746; Jones v. Portland, 16 L.R.A. 437, note; Shaughnessy v. Holt, 236 Ill. 485, 21 L.R.A.(N.S.) 826, 86 N. E. 256: Gillett, Indirect & Collateral Ev. § 265; Fuhry v. Chicago City R. Co.

239 Ill. 548, 88 N. E. 221; West Chicago Street R. Co. v. Carr, 170 Ill. 478, 48 N. E. 992; Kath v. Wisconsin C. R. Co. 121 Wis. 503, 99 N. W. 217; Greinke v. Chicago City R. Co. 234 Ill. 564, 85 N. E. 327.

An opinion that an injury resulted from a certain designated act which is the one upon which the action is based, as distinguished from an opinion that certain causes would produce certain results, is improper as usurping the province of the jury. Wharton & S. Med. Jur. 3d ed. § 550, p. 580; 17 Cyc. 234–236; 2 Jones, Bluebook on Ev. § 372; Jones v. Portland, 88 Mich. 598, 16 L.R.A. 437, 50 N. W. 731; Woodbury v. Obear, 7 Gray, 467; Hayes v. Smith, 62 Ohio St. 161, 56 N. E. 879, 7 Am. Neg. Rep. 493; Central City v. Marquis, 75 Neb. 233, 106 N. W. 221; Denver & R. G. R. Co. v. Vitello, 34 Cal. 50, 81 Pac. 766; State v. Stevens, 16 S. D. 309, 92 N. W. 421; Prentis v. Bates, 88 Mich. 567, 50 N. W. 637; Chicago v. Didier, 227 Ill. 571, 81 N. E. 698.

"Speculative" means the formation of an opinion on defective or presumptive evidence; probable inference or surmise. Michaud v. Grace Harbor Lumber Co. 122 Mich. 305, 81 N. W. 93; State v. Hanley, 34 Minn. 430, 26 N. W. 397; Hamilton v. Michigan C. R. Co. 135 Mich. 95, 97 N. W. 392; Davis v. Travelers' Ins. Co. 59 Kan. 74, 52 Pac. 67; Nichols v. Brabazon, 94 Wis. 549, 69 N. W. 342.

"It is a well-settled principle of law that no evidence be permitted to go to the jury unless under oath, without expressed or implied consent." Hawks v. Baker, 6 Me. 72, 19 Am. Dec. 191; 40 Cyc. 2410; Comp. Laws 1913, § 7882; 1 Thomp. Trials, p. 365.

"A nurse may or may not be qualified to state an inference as to a medical matter, according to her training and experience and the subject of the inference." 17 Cyc. 205, also note 32 on same page.

"One who is not an expert may testify to the acts and appearance of another which indicate disease or inability, or to the contrary, but may not give an opinion on the subject." Ashland v. Marlborough, 99 Mass. 47; Fallon v. Rapid City, 17 S. D. 570, 97 N. W. 1009.

A cross-examination is proper though it calls for particular facts not called for on the direct examination, if they relate to the same subject-matter. Campau v. Dewey, 9 Mich. 381; Ah Doon v. Smith, 25 Or. 89, 34 Pac. 1093; Sayres v. Allen, 25 Or. 211, 35 Pac. 254;

3 Enc. Ev. 832; Abbott, Civil Jury Trials, pp. 220, 221; Hogen v. Klabo, 13 N. D. 319, 100 N. W. 847; 1 Thomp. Trials, 2d ed. § 408.

Where a subject is opened up on direct examination, on cross-examination such subject may be gone into fully and exhausted. Schnase v. Goetz, 18 N. D. 594, 120 N. W. 553.

"On cross-examination of a physician and surgeon as a witness, opposing counsel has the right to impeach his skill and test his competency." Schrandt v. Young, 62 Neb. 254, 86 N. W. 1085; 40 Cyc. 2480, subdiv. 2; Rodgers, Expert Testimony, p. 42, § 37, p. 83; State v. Kent, 5 N. D. 541, 35 L.R.A. 518, 67 N. W. 1052; Hogen v. Klabo, 13 N. D. 319, 100 N. W. 847; Abbott, Civil Jury Trials, pp. 220, 221; 1 Thomp. Trials, 2d ed. §§ 406, 408.

A penal ordinance requiring a citizen to do certain things in a certain manner does not create any liability in the event of its violation, unless the same state of facts created a liability at common law, and such ordinance is not evidence of negligence, and not admissible. Holwerson v. St. Louis & S. R. Co. 157 Mo. 216, 50 L.R.A. 850, 57 S. W. 770; Sanders v. Southern Electric R. Co. 147 Mo. 411, 48 S. W. 855; Byington v. St. Louis R. Co. 147 Mo. 673, 49 S. W. 876; note to Sullivan v. Huidekoper, 5 L.R.A.(N.S.) 266; Dolfinger v. Fishback, 12 Bush, 474; Gibson v. Leonard, 143 Ill. 182, 17 L.R.A. 589, 36 Am. St. Rep. 376, 32 N. E. 182; Stacy v. Knickerbocker Ice Co. 84 Wis. 614, 54 N. W. 1091, 1 Am. Neg. Cas. 738; Sowles v. Moore, 65 Vt. 322, 21 L.R.A. 723, 26 Atl. 629; Illinois C. R. Co. v. Phelps, 29 Ill. 447; Titcomb v. Fitchburg R. Co. 12 Allen, 254; Cook v. Johnston, 58 Mich. 437, 55 Am. Rep. 703, 25 N. W. 388; Inland Steel Co. v. Yedinak, 172 Ind. 423, 139 Am. St. Rep. 389, 87 N. E. 229; Gay v. Essex Electric Street R. Co. 159 Mass. 238, 21 L.R.A. 448, 38 Am. St. Rep. 415, 34 N. E. 186; Southern R. Co. v. Wood, 21 Ky. L. Rep. 575, 52 S. W. 796.

Evidence to show that the defect at the point of the accident was open to view; that other citizens in passing had noticed its conspicuous character and that it would necessarily be observed in passing, and to further show that the city would not anticipate an accident for the reason that a great many people had passed there without accident and without getting into the ditch. Butler v. Oxford, 186 N. Y. 444, 79 N. E. 712; Braatz v. Fargo, 19 N. D. 538, 27 L.R.A.(N.S.) 1169,

125 N. W. 1042; Lane v. Hancock, 142 N. Y. 510, 37 N. E. 473; Hubbell v. Yonkers, 104 N. Y. 434, 58 Am. Rep. 522, 10 N. E. 858; Craighead v. Brooklyn City R. Co. 123 N. Y. 391, 25 N. E. 387; Bertelson v. Chicago, M. & St. P. R. Co. 5 Dak. 313, 40 N. W. 531, 11 Am. Neg. Cas. 269; 29 Cyc. 623.

There can be no breach of duty by defendant when, in such a case, plaintiff himself does or omits to do the thing which, though in connection with defendant's misconduct, is likely to produce the harm. Bigelow, Torts, pp. 48, 49, 52, 179; Owen v. Cook, 9 N. D. 134, 47 L.R.A. 646, 81 N. W. 285; Ætna F. Ins. Co. v. Boon, 95 U. S. 117, 24 L. ed. 395; Scherer v. Schlaberg, 18 N. D. 421, 24 L.R.A.(N.S.) 520, 122 N. W. 1000; Watson, Personal Injuries, § 32, and cases cited; 29 Cyc. 528.

"The negligence of a person is not remote, although its inception was prior to that of defendant, where it is continued up to the time of the accident." 29 Cyc. 510, 511, 529; Cunningham v. Lyness, 22 Wis. 245; 5 Thomp. Neg. § 6237.

"The want of ordinary care on the part of the injured person occurs as a proximate cause in producing the injury; the defendant is not liable, although in fault. 1 Thomp. Neg. §§ 216, 227; Heckman v. Evenson, 7 N. D. 173, 73 N. W. 427.

One who has been about the place of the accident and knows its condition, or by the exercise of his sense and faculties could know and is presumed to know its condition, and by lack of observation or forgetfulness, or inattention to self-preservation from injury, sustains an injury, he cannot recover, unless it is shown that his attention was distracted on some sufficient cause. Covington v. Manwaring, 113 Ky. 592, 68 S. W. 625; Sickels v. Philadelphia, 209 Pa. 113, 58 Atl. 128; Mitchell v. Tell City, — Ind. App. —, 81 N. E. 594; 5 Thomp. Neg. §§ 6242, 6244; 28 Cyc. 1426; Moeller v. Rugby, 30 N. D. 438, 153 N. W. 290; Lerner v. Philadelphia, 221 Pa. 294, 21 L.R.A.(N.S.) 614, 70 Atl. 755; Robb v. Connellsville, 137 Pa. 42, 20 Atl. 564; Whalen v. Citizens' Gaslight Co. 151 N. W. 70, 45 N. E. 363, 1 Am. Neg. Rep. 120.

The plaintiff should have used due care and caution to have discovered the danger. Munger v. Marshalltown, 56 Iowa, 216, 9 N. W. 192; McLaury v. McGregor, 54 Iowa, 717, 7 N. W. 91; Casey v. Malden,

163 Mass. 507, 47 Am. St. Rep. 473, 40 N. E. 849; Pierce v. Wilmington, 2 Marv. (Del.) 306, 43 Atl. 162; Carswell v. Wilmington, 2 Marv. (Del.) 360, 43 Atl. 169; Wilkins v. Wilmington, 2 Marv. (Del.) 132, 42 Atl. 419; Fallon v. Boston, 3 Allen, 38; Butterfield v. Forrester, 11 East, 60, 10 Revised Rep. 433, 19 Eng. Rul. Cas. 189; Weinstein v. Terre Haute, 147 Ind. 556, 46 N. E. 1004, 2 Am. Neg. Rep. 331; Plymouth v. Milner, 117 Ind. 324, 20 N. E. 235; Cressy v. Postville, 59 Iowa, 62, 12 N. W. 757.

One cannot so act or place himself in danger by lack of due care and attention and then, if injured, recover damages. He must prudently protect himself, and, failing to do so, he is chargeable with negligence which will defeat a recovery. Lautenbacher v. Philadelphia, 217 Pa. 318, 66 Atl. 549; Jackson v. Kansas City, 106 Mo. App. 52, 79 S. W. 1174; Sickels v. Philadelphia, 209 Pa. 113, 58 Atl. 128; Shallcross v. Philadelphia, 187 Pa. 143, 40 Atl. 818; Robb v. Connellsville, 137 Pa. 42, 20 Atl. 564; 28 Cyc. 1426, and cases cited; Yahn v. Ottumwa, 60 Iowa, 429, 15 N. W. 257; Hausmann v. Madison, 85 Wis. 259, 21 L.R.A. 263, 39 Am. St. Rep. 834, 55 N. W. 167; Benton v. Philadelphia, 198 Pa. 396, 48 Atl. 267, 9 Am. Neg. Rep. 599; Sindlinger v. Kansas City, 126 Mo. 315, 26 L.R.A. 723, 28 S. W. 857; Casey v. Malden, 163 Mass. 507, 47 Am. St. Rep. 473, 40 N. E. 849; 29 Cyc. 513, 515, and cases cited; Alline v. Le Mars, 71 Iowa, 654, 33 N. W. 160; O'Laughlin v. Dubuque, 42 Iowa, 539; Bigelow, Torts, pp. 108, 112; Americus v. Johnson, 2 Ga. App. 378, 58 S. E. 518; Bender v. Minden, 124 Iowa, 685, 100 N. W. 352.

The presence of other parties with whom plaintiff was talking and joking is not a diverting cause. Tuffree v. State Center, 57 Iowa, 538, 11 N. W. 1; Lechtenberger v. Meriden, 91 Iowa, 45, 58 N. W. 1058, 100 Iowa, 221, 69 N. W. 424; Stackhouse v. Vendig, 166 Pa. 182, 31 Atl. 349; Waterbury v. Chicago, M. & St. P. R. Co. 104 Iowa, 32, 73 N. W. 341; Munger v. Marshalltown, 56 Iowa, 216, 9 N. W. 192; Kewanee v. Depew, 80 Ill. 119; Moore v. Richmond, 85 Va. 538, 8 S. E. 387.

The plaintiff's inadvertence here was self-induced. He was "visiting" and "talking" with friends. King v. Colon Twp. 125 Mich. 511, 84 N. W. 1077, 9 Am. Neg. Rep. 311; Tuffree v. State Center, 57

Iowa, 538, 11 N. W. 1; Wheat v. St. Louis, 179 Mo. 572, 64 L.R.A. 292, 78 S. W. 790; Barnes v. Sowden, 119 Pa. 53, 12 Atl. 804; 5 Thomp. Neg. § 6244; Hutchins v. Priestly Exp. Wagon & Sleigh Co. 61 Mich. 252, 28 N. W. 85; Dale v. Webster County, 76 Iowa, 370, 41 N. W. 1; Stickney v. Salem, 3 Allen, 374.

"Contributory negligence may be inferred from knowledge of the defects causing the injury, or its obviousness." 29 Cyc. 596, 600, 602, 604, and cases cited.

*M. C. Freerks and Knauf & Knauf,* for respondent.

Where a surgeon sworn to be duly qualified testifies fully as to the condition in which he found the limb, that had previously been amputated, he may properly be asked what, in his opinion was the cause of the condition in which he found the limb. Tullis v. Rankin, 6 N. D. 44, 35 L.R.A. 449, 66 Am. St. Rep. 586, 68 N. W. 187; Wilson v. Northern P. R. Co. 30 N. D. 456, L.R.A.1915E, 991, 153 N. W. 429.

Plaintiff was on the witness stand and was trying to indicate to the jury to what extent he could bend or flex the injured knee, and for the record, plaintiff's counsel placed his hand under the injured knee and pressed down on the toe, and stated what the jury themselves saw he was doing. Counsel's said statement is objected to on the ground that counsel was not under oath. Such statements in open court, and under such circumstances, are really under oath. Anderson v. Minneapolis, St. P. & S. Ste. M. R. Co. 18 N. D. 462, 123 N. W. 281; Waldner v. Bowden State Bank, 13 N. D. 604, 102 N. W. 169, 3 Ann. Cas. 847; State v. Staber, 20 N. D. 545, 129 N. W. 104.

In general, any failure of one engaged in his own business to comply with precautionary rules or regulations, established by competent authority, to guard against accidents to others, is in legal contemplation, a want of ordinary care. Philadelphia, W. & B. R. Co. v. Kerr, 25 Md. 521; Norton v. Ittner, 56 Mo. 351; Osborne v. McMasters, 40 Minn. 103, 12 Am. St. Rep. 698, 41 N. W. 543.

In private actions for personal injuries, municipal ordinances and violations thereof are admitted in evidence upon the question of defendant's negligence, on the theory that the acts commanded or forbidden express an opinion of the municipal authorities that they are needful for, or inimical to, the safety of the public. But, if such

is not the manifest purpose, they do not express any opinion on the subject, and are inadmissible. Shaffer v. Roesch, 215 Pa. 287, 64 Atl. 511; Stafford v. Chippewa Valley Electric R. Co. 110 Wis. 331, 85 N. W. 1036; Zimmerman v. Baur, 11 Ind. App. 607, 39 N. E. 299.

The violation of a valid municipal ordinance or regulation made to protect persons and property from injury is of itself a sufficient proof of such breach of duty as will sustain a private action for negligence, if the other elements of actionable negligence concur. Swift & Co. v. Fue, 66 Ill. App. 651; Omaha Street R. Co. v. Duvall, 40 Neb. 29, 58 N. W. 531.

There is no assignment, specification, or point of error made in allegation of contributory negligence.

There is no compliance with either the statute or the rules of court. In any event, there was no contributory negligence, and the question was for the jury. Heckman v. Evenson, 7 N. D. 173, 73 N. W. 427.

One is to be judged in accordance with his age, intelligence, ability, and environment. Umsted v. Colgate Farmers' Elevator Co. 18 N. D. 324, 122 N. W. 390; Heckman v. Evenson, 7 N. D. 173, 73 N. W. 427.

A pedestrian on the street has the right to presume that the street is in a reasonably safe condition for travel by him, and he has a right to act on such presumption. This is the settled law. Seward v. Wilmington, 2 Marv. (Del.) 189, 42 Atl. 453; Wilkins v. Wilmington, 2 Marv. (Del.) 132, 42 Atl. 418; Knight v. Kansas City, 138 Mo. App. 153, 119 S. W. 992; Lord v. Mobile, 113 Ala. 360, 21 So. 366, 1 Am. Neg. Rep. 397; Mickey v. Indianola, — Iowa, —, 114 N. W. 1072.

In determining whether or not one is guilty of contributory negligence, his acts must be measured by what would be done by an ordinarily prudent person under the same circumstances, conditions, and surroundings. Heckman v. Evenson, supra; Wilson v. Northern P. R. Co. 30 N. D. 456, L.R.A.1915E, 991, 153 N. W. 429.

The evidence being such that different minds might reasonably draw different conclusions as to contributory negligence, it has ever been held that the question is for the jury. Moeller v. Rugby, 30 N. D. 450, 153 N. W. 290; Teipel v. Hilsendegen, 44 Mich. 461, 7 N. W. 82; American Waterworks Co. v. Dougherty, 37 Neb. 373, 55 N. W. 1051; Leonard v. Minneapolis, St. P. & S. Ste. M. R. Co. 63 Minn. 489, 65 N. W. 1084; Crabell v. Wapello Coal Co. 68 Iowa, 751, 28

N. W. 56; Gray v. Floersheim, 164 Pa. 508, 30 Atl. 397; Rober v. Northern P. R. Co. 25 N. D. 448, 142 N. W. 22, and cases cited; Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359; Kunkel v. Minneapolis, St..P. & S. Ste. M. R. Co. 18 N. D. 367, 121 N. W. 830.

Knowledge of the defect fails to constitute negligence. It is only evidence, and its worth, under the circumstances here, was a question for the jury to decide. Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359; Jackson v. Grand Forks, 24 N. D. 615, 45 L.R.A.(N.S.) 75, 140 N. W. 718, and cases cited.

Bruce, J. This is an appeal from a judgment against the city of Jamestown for damages for injuries sustained by the plaintiff in falling into an open trench or ditch, some $1\frac{1}{2}$ feet deep and 1 foot 4 inches wide, which was constructed by the direction of the defendant and permitted by it to remain practically unprotected and immediately outside of the sidewalk, with possibly a space of a foot intervening, and just inside the curb line at the corner of Fourth and Front streets, and on the north side of said Front street in the city of Jamestown, North Dakota, the sidewalk at the place in question being some $12\frac{1}{2}$ feet wide, and the space between it and the curbing being about $3\frac{1}{2}$ feet.

There can be no question of the negligence of the city. There can, however, to our mind, be also no question as to the contributory negligence of the plaintiff, and therefore as to the fact that the trial court erred in not directing a verdict for the defendant. Numerous other erorrs are assigned by the appellant. The one mentioned, however, is conclusive of the case, and is the only one which is necessary to be considered. According to the plaintiff's own testimony he was twenty years of age. He had come to Jamestown for the purpose of getting work, and had worked for about five days prior to the accident in a livery stable. During these five days he had boarded at the Shain Hotel, which was situated on the same side of the street, on the same sidewalk, and about 30 feet east of the Stockholm Hotel, in front of which the accident occurred. During these five days the plaintiff passed along the sidewalk and within a few feet of the ditch while going to and from his work. The accident occurred at about 9:30 o'clock in the evening on the 14th day of August, 1914. Not only can the court take judicial notice that at that time of the year it is com-

paratively light in North Dakota at the hour mentioned, but the evidence shows that at the time of the accident the city lights were burning and that there was a light post about 30 feet from the place of the accident, and that the light was shining on to the sidewalk from the windows of the Stockholm Hotel, in front of which the accident occurred. The plaintiff, according to his testimony, had been visiting a friend during the early part of the evening, and returned to his hotel at about 9:30 o'clock in company with a companion named Fred Wertz. He testified that while on the way they were talking and joking about their visit. He crossed the street which runs north and south, and stopped upon the corner of the sidewalk with his companion.

His testimony as to what happened there is as follows:

Q. You mean you struck this building across the street west of the Stockholm?

A. Came across from the depot and followed right on down. Fred Wertz was with me.

Q. Fred was joshing you a little about the girl that night some. You were having quite a conversation standing on the corner?

A. Standing on the corner, yes, sir, he was joshing me about it. We were joshing one another all the time on the way down. We stopped to talk at the corner,—talking between ourselves. I was joshing with Fred Wertz. Mr. Wertz was standing with his back to the door (of the Stockholm Hotel) I was facing him. He was standing towards the door, and I was standing this way, and I was facing him with my back this way.

Q. You were near the ditch?

A. Yes, sir.

Q. Were you walking around there?

A. Not really walking,—stepping around.

Q. How did you happen to be stepping around?

A. Naturally do—you never stand still, do you?

Q. What were you stepping around about?

A. Do you suppose you would want to stand still talking.

Q. What were you stepping around about?

A. Was joshing, looking around. Joshing about the,—passing the time.

Q. Joshing about the girl and things like young fellows do?

A. Suppose that.

Q. That is right, laughing?

A. Some. Did not move around a great deal—just moving around. I was there I should judge about five minutes before I went into the hole, or before I fell into the ditch.

Q. Well, now what did you do? Were you looking at Fred all of this time?

A. Part of the time, never kept my eyes on the same place.

Q. Where were you looking?

A. Down and around.

Q. Down and around where?

A. At the building and sidewalk. Did not look behind.

Q. How were you looking around?

A. At Fred in front, the building there.

Q. What were you looking at?

A. A fellow was standing at the east side of the corner.

Q. Did you look around this way at all (indicating)?

A. No sir.

Q. The fact of the matter is, Charley, you did not look around this way?

A. No sir, not after I stopped.

Q. Do you know whether you did look this way or not?

A. Might have, would not swear to it. I was looking straight ahead when I was looking at the sidewalk there nearly all the time. When I fell into the ditch we were talking—standing there talking to each other. When we started this conversation I should judge I was about a foot or a foot and a half from the corner.

Q. In moving around doing your joshing, you got over towards the ditch?

A. Must have.

Q. While you were moving around on the sidewalk talking, you remember you never looked back of you any other way, do you?

A. No. Never once thought of the ditch being open that way. In fact I did not know the ditch was there.

Q. Did you observe the boards there before?

A. The boards?

Q. You saw these boards there before this night, did you not? You saw those boards along that sidewalk when you went down for a week before that night?

A. No sir, never noticed them. They might have been there.

Q. You saw those?

A. No, sir.

Q. How do you explain to the jury you never saw those things when you walked up and down there for a week?

A. The fact is I guess I never looked around in that direction. I went to the hotel when I went to get dinner and started back when I went to go to work.

Q. At the time the joshing was going on when you fell down there, was it not?

A. That is the time I fell into the hole—the first thing I noticed about to feel or anything was when I got into the hole.

Again, he says—A. Yes, sir, backed into it and fell on my right side.

"The law will not excuse a traveler in failing to make such use of his faculties as will enable him to discover plain and obvious dangers in the highway or sidewalk in front of him, but if he heedlessly casts himself upon a plain and obvious obstruction or into a plain and obvious excavation, he, and not the city, must suffer the consequences of his negligence and folly." 5 Thomp. Neg. § 6242. "There is no rule or law that goes so far as to excuse the traveler from making such a use of his faculties to discover dangers and protect himself from them as prudent and careful travelers should make. He cannot rely so far on the presumption that the municipal authorities have done their duty and have kept the highway in repair, as to go blindly forward without looking ahead and taking the chances of getting along safely. His failure to notice large holes in the highway ahead of him will be imputed to him as contributory negligence, unless his attention has been distracted in some other direction, not idly, but by some sufficient cause." 5 Thomp. Neg. § 6244; 28 Cyc. 1426; Moeller v. Rugby, 30 N. D. 438, 153 N. W. 290; Lerner v. Philadelphia, 221 Pa. 294, 70 Atl. 755, 21 L.R.A. (N.S.) 614, and note; McLaury v. McGregor, 54 Iowa, 717, 7 N. W. 91.

The authorities indeed are practically unanimous that a person must use his senses, and must not blindly walk into a pitfall. If it is negligence to shut one's eyes and to walk into such a defect, it is doubly so to back into it. Casey v. Malden, 163 Mass. 507, 47 Am. St. Rep. 473, 40 N. E. 849. If we apply these rules to the case at bar there can be no question of the contributory negligence of the plaintiff.

The sidewalk was only 12½ feet broad. It is inconceivable that, in walking to and from his work, the plaintiff could not and did not see the ditch. When he stepped upon the sidewalk at the corner and on his way home, if he had used his eyes at all, he must have seen it. "What is the difference in result or in principle," says the supreme court of Michigan in the case of King v. Colon Twp. 125 Mich. 511, 84 N. W. 1077, 9 Am. Neg. Rep. 311, "between walking backward into a known and apparent danger and walking forward into the same danger without a thought or a look? What is the difference in result or in principle between walking forward into the same danger with one's eyes shut or open without looking." See also Tuffree v. State Center, 57 Iowa, 538, 11 N. W. 1; Wheat v. St. Louis, 179 Mo. 572, 64 L.R.A. 292, 78 S. W. 790; Barnes v. Sowden, 119 Pa. 53, 12 Atl. 804.

The plaintiff must or should have seen the ditch. The fact that he forgot about it while talking to his friend does not make him any the less negligent. Nor can the plaintiff take advantage of the rule of momentary diversion of attention. That rule only applies where one's attention has been diverted by an exterior and independent cause. The rule does not apply where the diversion is self-induced; and in the case at bar the diversion, if any, was induced not by exterior cause, but by the fact that plaintiff was, as he himself admits, "joshing" with his companion. Bender v. Minden, 124 Iowa, 685, 100 N. W. 352; Tuffree v. State Center, 57 Iowa, 538, 11 N. W. 1.

The judgment of the District Court is reversed and the cause is remanded, with directions to enter judgment for the defendant and to dismiss the complaint.