Rose **THOMAS**, Plaintiff and Respondent,

v.

**CITY OF DEVILS LAKE**, a municipal corporation, Defendant and Appellant.

No. 8184.

Supreme Court of North Dakota.

June 15, 1966.

Rehearing Denied July 20, 1966.

Clyde Duffy, Devils Lake, for defendant and appellant.

Foughty & Christianson, Devils Lake, for plaintiff and respondent.

EMIL A. GIESE, District Judge.

Plaintiff recovered a verdict for $1,424.41 for injuries received in a fall alleged to have been caused by a defective curb. The defendant appealed from the judgment as rendered for the plaintiff.

Plaintiff alleges that the defendant was negligent in failing and neglecting to keep a portion of the curbing on Fifth Avenue in the City of Devils Lake in good repair or in safe condition for travel. The defendant denies any negligence on its part and alleges contributory negligence on the part of the plaintiff.

From the facts as disclosed by the record, it appears that on the 13th day of December, 1962, the plaintiff and her two daughters, Mrs. Maynard Stensby and Mrs. Clarence Tufte, drove to Devils Lake to do some Christmas shopping. It was a nice sunshiny day. The street was dry. There was no snow or ice. In the afternoon, while walking across the street at the crosswalk on the north side of the intersection of Fourth Street and Fifth Avenue the plaintiff, in stepping from the street onto the sidewalk, tripped on the defective curbing, fell on the sidewalk and was injured. The defect complained of consisted of a two foot section of the curb located at the northwest corner of the crosswalk, which by reason of the action of the elements over a period of years was broken and forced out an inch and a quarter from the sidewalk. The tilting of such portion of the curb towards the street raised the edge of the curb adjacent to the sidewalk one inch above the level of the sidewalk. The edge of the curb bordering the street was level with the sidewalk. The two foot section was particularly apparent because of the extreme erosion of the remainder of the curb in the crosswalk.

The sole issue on this appeal is whether the evidence justified a verdict for the plaintiff.

With reference to the crosswalk and the accident, the plaintiff testified as follows:

"Q. Did you observe the condition of the street while you were walking from Penney's store west?

A. Well, I was looking at it at time, I guess.

Q. You had crossed at that crossing many times before this accident?

A. Yes.

Q. Did you in doing that notice there was anything wrong with that curb?

A. No.

Q. Couldn't see anything wrong with it before you fell, could you?

A. No, I didn't pay much attention.

Q. As I understand it, you said you put your left foot up on the sidewalk and that is was when you were bringing your right foot up that you stumbled, is that right?

A. I really don't remember which foot I used first.

Q. Isn't that what you testified to yesterday?

A. Yes, I think so.

Q. But you really don't remember how it happened?

A. I think I stepped up with my left foot first and then followed with my right.

Q. And at the time you did that you couldn't see anything that was going to trip you?

A. No.

Q. Do you recall whether you were talking to your daughters at the time you were walking across the intersection?

A. No, I wasn't.

Q. Were you looking around or doing anything except walking straight ahead?

A. Just walking.

Q. And looking ahead, were you, looking forward?

A. I suppose I must have been if I was walking forward.

Q. I was wondering if there was anything that distracted your attention. I understand Mrs. Stensby said she was looking over toward the Red Owl and I was wondering if you had noticed anything over there?

A. No, I wasn't.

Q. You were just walking?

A. I guess so."

Under the foregoing facts, was the plaintiff guilty of contributory negligence as a matter of law?

■ Pedestrians using the streets and crosswalks of a city must exercise ordinary or reasonable care for their own safety. Krause v. City of Wilton, 40 N.D. 11, 168 N.W. 172; Wells v. City of Lisbon, 21 N.D. 34, 128 N.W. 308.

■ Ordinary care is such care as an ordinarily prudent and careful person would have exercised under like circumstances. Gagnier v. City of Fargo, 12 N.D. 219, 96 N.W. 841.

"The law will not excuse a traveler in failing to make such use of his faculties as will enable him to discover plain and obvious dangers in the highway or sidewalk in front of him, but if he heedlessly casts himself upon a plain and obvious obstruction or into a plain and obvious excavation, he and not the city must suffer the consequences of his negligence and folly." Jackson v. City of Jamestown, 33 N.D. 596, 157 N.W. 475. Thompson on Negligence, Vol. 5 § 6242.

"There is no rule of law that goes so far as to excuse the traveler from making such a use of his faculties as to preserve him from danger and to protect himself there-

from. 'He cannot rely so far on the presumption that the municipal authorities have done their duty and have kept the highway in repair as to go blindly forward without looking ahead and to take the chances of getting along safely.'" Krause v. City of Wilton, supra; Jackson v. City of Jamestown, supra. Thompson on Negligence, Vol. 5 § 6244.

"Defects may be so obvious that a traveler must see them if he is paying any attention to where he is going, and in such case the failure to observe the defect is generally held to be contributory negligence on the theory that it is not the act of an ordinarily prudent person." McQuillin on Municipal Corporations, 3rd Edition, Vol. 19 § 54.123; See Jackson v. City of Jamestown, supra.

"One crossing a street, although at a regular crossing, may expect obstructions, and hence should exercise a greater amount of care than he would exercise when traveling on a sidewalk." McQuillin on Municipal Corporations, 3rd Edition, Vol. 19 § 54.129.

The testimony discloses that the defect in the curb was directly in the path of the plaintiff. It was plainly visible to her at all times while on the crosswalk. Her attention was not diverted. Her view was not obscured. In broad daylight she walked into and tripped on the obvious defect in the curb. She failed to see the defect in the curb because, using her own words, "I didn't pay much attention."

In applying the foregoing rules of law to the undisputed facts in this case, the only conclusion that can be drawn is that the plaintiff failed to use ordinary care to protect herself against injury. She was guilty of contributory negligence as a matter of law and cannot recover. As our ruling on the issue of contributory negligence disposes of this appeal, it will not be necessary to determine whether the failure of the city to repair the defective curb constitutes actionable negligence.

Judgment is reversed.

TEIGEN, C. J., and STRUTZ, J., concur.

ERICKSTAD, J., deeming himself disqualified, did not participate; Honorable EMIL A. GIESE, District Judge of the Sixth Judicial District, sitting in his stead.

MURRAY and KNUDSON, JJ., not being members of the Court at the time of submission of this case, did not participate.