PATRICK GALLAGHER *vs.* ROBERT L. PROCTOR.

Kennebec.    Opinion September 16, 1891.

*Negligence.    Way.    Sidewalk.*

An action to recover damages for negligence of the defendant will not be sustained when the plaintiff's evidence fails to prove that he was in the exercise of due care, and that the defendant was in fault.

ON MOTION.

The case is stated in the opinion. After verdict for the plaintiff, the defendant filed a general motion for a new trial.

*W. T. Haines,* for defendant, cited: *Farrar* v. *Greene,* 32 Maine, 574; *Smith* v. *Smith,* 2 Pick. 621; *Marble* v. *Ross,* 124 Mass. 44; *Brown* v. *Kendall,* 6 Cush. 292; *Moulton* v. *Sanford,* 51 Maine, 127; *Perkins* v. *Fayette,* 68 Maine, 152; *Lovengath* v. *Bloomington,* 71 Ill. 238; *Chicago* v. *Bixby,* 84 Ill. 82; *Vicksburg* v. *Hennessey,* 54 Miss. 391; *Weisenburg* v. *Appleton,* 26 Wis. 56; *Barstow* v. *Berlin,* 34 Wis. 357; *Ryerson* v. *Abington,* 102 Mass. 526; *Smith* v. *Lowell,* 6 Allen, 39; *Owen* v. *Chicago,* 10 Ill. App. 465; *Wilson* v. *Trafalgar R. R. Co.* 93 Ind. 287; *Buesching* v. *St. L. G. L. Co.* 6 Mo. App. 85.

*S. S. Brown,* for plaintiff.

The question of due care was submitted to the jury under instructions not excepted to. It was a question of fact for the jury who heard the evidence and had a view of the street and sidewalk. Due care: *Stratton* v. *Staples,* 59 Maine, 94; *Williams* v. *Grealy,* 112 Mass. 79; *Schienfeldt* v. *Norris,* 115 Mass. 17; *Carland* v. *Young,* 119 Mass. 150. Any one may

walk upon the sidewalks of our streets where crowds walk daily, and where no notice is given of existing defects, without being charged with lack of due and ordinary care, because they do not keep their eyes bent downward hunting for holes allowed there by the carelessness of others.

EMERY, J.  This action is for damages alleged to have been caused by what the plaintiff calls the defendant's negligence in not properly guarding an opening he had made in a sidewalk upon Main street in Waterville.  The plaintiff, therefore, must establish by evidence two propositions at least.  (1,) The negligence of the defendants.  (2,) Due care upon his own part.

1. The evidence clearly shows the following to be the conduct of the defendant.  He had excavated a trench four or five feet deep, and as narrow as a man could walk in, and some twenty feet long, from the sewer and water pipe under the street to the cellar of a store on the side of the street.  The purpose of this excavation was to connect the store with the public sewer and water systems.  This trench was of course excavated across and underneath the sidewalk next the store.  This sidewalk was of plank, placed in short lengths, athwart stringers laid in the direction of the street.

The connecting pipes having been laid, the defendant's servant began in the afternoon of the day of the injury complained of, to fill in and pound down the earth into the trench, to fill it up.

To facilitate this work, he removed two short planks in the sidewalk directly over the trench.  The open trench, — the gap in the sidewalk,— the fresh ridge of earth by the side of the trench,— were all conspicuous to the passer-by.  The defendant's servant was also conspicuously there at work with his shovel and rammer, filling the trench.  There were also one or two bystanders watching the work.

The work of the defendant was lawful.  He opened the trench for a lawful purpose.  He removed the planks in the sidewalk for a lawful purpose, that of filling the trench.  He had the right to temporarily interrupt to that extent the public use of the street and sidewalk.  Persons travelling on a street or side-

walk in a city must anticipate brief occasional interruptions of that kind.

What other signals or sentinels were necessary to apprise a careful traveler of this temporary interruption? There were the trench, the fresh ridge of earth, the laborer at work filling the trench, the bystanders looking on. The opening was not left unguarded. The laborer, the sentinel, was continually there. His swinging of his shovel or rammer was a constant signal of an excavation.

2. The plaintiff's wife, the person injured, says she passed down this sidewalk past this trench about four o'clock in the afternoon (while the above described condition of affairs was in full force), and saw nothing of the trench, nothing of the ridge of earth, nothing of the laborer, nothing indicating any need of care. About an hour later, she returned up the sidewalk (while the sun was still high, and the laborer still at work filling the trench), and this time saw nothing of trench, ridge or laborer. She only recalls seeing one or two persons standing idly by. On coming to the opening in the sidewalk over the trench, she fell in and was pulled out by the laborer, the defendant's servant. She gave no reason for her failure to observe what was so conspicuous. She made no suggestion of anything distracting her attention.

Her story seems incredible, but if true, it does not show her to have been in the exercise of due care. She took no heed of where she was going, nor of what was going on about her. Though possessed of the senses of sight and hearing, either of which would have given her ample warning had she attended, she closed her mind to both and went heedlessly on, unmindful of the visible dangers. Such carelessness bars the action. We think the verdict for the plaintiff cannot be the result of the sober, reasoning judgment of the jury.

*Motion sustained.*

PETERS, C. J., WALTON, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.