MARY A. RYAN, Appellee, v. WILLIAM FOSTER, Appellant,

Street obstructions: PERSONAL INJURY: CONTRIBUTORY NEGLIGENCE.
    A sidewalk may be temporarily obstructed for a lawful purpose
    and a pedestrian is bound to be on the lookout for such obstruc-
    tions.  In the instant case the plaintiff was guilty of contributory
    negligence in failing to observe a section of a billboard lying upon
    the walk, and which workmen were then engaged in tearing down
    and removing.

*Appeal from Polk District Court.*— HON. A. H. McVEY, Judge.

THURSDAY, MARCH 19, 1908.

ACTION at law to recover damages due, as is alleged, to the negligence of the defendant, his agents and employés. Trial to a jury.  Verdict and judgment for plaintiff, and defendant appeals.— *Reversed.*

*Charles S. Bradshaw,* for appellant.

*McHenry, Mulvaney & Jones,* for appellee.

DEEMER, J.—The negligence charged is that defendant was the owner of certain property at the corner of Center and Eighth streets in the city of Des Moines; that " there were no buildings on the said lot, but the same was occupied by a high billboard built in a northeasterly and southwesterly direction diagonally across the said lot; that on or about the 5th day of February, 1902, the defendant caused the said billboard to be torn down preparatory to the erection of a building on the lot; that in tearing the said billboard down the employés of this defendant piled the lumber taken from the said billboard on the sidewalk on the north side of Center street and west of Eighth street; that in the lumber so piled on the sidewalk there were large nails and spikes, and the lumber was so laid that the said nails and spikes pointed upward; that the laying of the said boards upon the said sidewalk was entirely unnecessary, and constituted negligence on the part of the defendant, which rendered travel upon the said sidewalk extremely dangerous; that this plaintiff was obliged to pass the sidewalk on the said 5th day of February, 1902, and in passing the same tripped and fell upon the said lumber, and ran one of the nails sticking from the boards lying on the said sidewalk into her left leg near the kneecap."

There was evidence tending to show that plaintiff, while passing along the sidewalk on the north side of Center street, between Eighth and Ninth, in the city of Des Moines, on February 5, 1902, shortly after 10 o'clock in the forenoon, caught her foot on a billboard lying on the sidewalk, fell, and was seriously injured by a nail protruding from the board. It appears that billboards of defendant and an amusement company had been erected from a point four feet north of Center street on the east line of the alley diagonally to the northeast. These were in sections sixteen feet long and ten feet high, consisting of common inch boards a foot wide and sixteen feet long nailed to four by four-inch posts set eight feet apart. On the morning

in question two employés of the defendant were sent to remove these billboards, and in so doing they had cut off the two southwest posts, loosened the boards from the third post, and allowed the section to fall forward partly on the sidewalk. One of the employés was called as a witness, and he testified that as soon as the section fell he and his companions " started taking it to pieces, started knocking the boards off, and carrying the four by fours back," and that they did so at " the northeast end of the section "; that they were tearing the boards apart when the plaintiff came along; that the boards extended diagonally over the sidewalk, which was five feet wide, within a foot or two from the outer edge; and that the boards had been on the walk only five to ten minutes prior to the accident. On the other hand, plaintiff testified that the boards extended across the walk over the parking, and that she did not notice the billboard before she fell. The day was cold and cloudy. Snow was falling, and the wind was blowing in her face. Plaintiff had traveled over the walk frequently, and had noted its condition the night previous. Plaintiff testified, as follows, regarding her conduct just before she fell:

Q. Did you see the boards there on the walk? A. Not until after I was thrown. Did not know what happened to me until I fell. The board I fell on was a section of the billboard, all nailed together. I did not notice whether the boards were nailed on two by fours or four by fours. Q. You noticed that this section of the board was down? A. Yes, sir. Q. You stumbled over that board? A. I did not notice it until after I fell. Q. You didn't notice the board at all as you came along there? A. No; not until after I fell. Q. You were going along in your usual way? A. Yes, sir; I crossed that alley, and I had got quite a little bit, and the first thing I knew I was pitched right down. Q. Up to that time had you noticed the men working? A. No. Q. You were not looking at the sidewalk particularly? A. Looking where I was going, like anybody. If you came out here now and nothing before you, you would not know until you ran into something. Q. It was

a surprise to you when you fell? A. Yes; I did not know what happened to me. Q. Didn't know you were walking along these boards? A. No; I supposed I was walking on the sidewalk I had always walked on. Q. Before you got up did you notice whether these boards covered the entire walk, or whether they did not? A. They ran right across and part of the way on the parking. They were pretty nearly out. They were not on the ground at all on this side. Q. That was a grass parking along there. A. Yes; snow, of course, covered the parking. Q. Center street was paved? A. Yes, sir. Q. That was all open? A. I suppose it was. Q. You crossed these afterwards? A. Yes, sir; the street was open, but the sidewalk was not. Q. That section was all nailed together, that is, the boards were nailed to the cross-pieces? A. They were nailed together part of the way that I could see. I didn't go clear up. Q. Down here on the walk, that part of it that was on the walk was fastened together, fastened on the cross-pieces? A. I supposed they were fastened together. Q. What you fell on were not loose boards? A. I could not say they were loose, or that they were nailed. They were boards put on there. They were not boards belonging to the sidewalk. They were boards of this billboard. Q. You were going along Center street walk in your usual way, where you were accustomed to travel? A. Yes, sir. Q. And not paying any more attention than you usually paid when you walked along? A. No. Q. And not looking particularly at the sidewalk? A. Just looking as I would now walking on the sidewalk. Of course, I was not looking for anything more than the sidewalk. Q. If you had looked carefully there, these boards were in sight — they were in sight — anybody could see them? A. I seen them after I was hurt. Q. You saw them after you were hurt? A. Yes; I saw what hurt me. Q. You didn't see them before? A. No; because I was not looking for anything to be piled up before me, because I came down that night about 8 o'clock, and there was not anything on the sidewalk any more than usual. Q. Were there men working there? A. Yes; three or four men working there. Q. Did anybody warn you not to go along there? A. No. Q. You didn't hear any one? A. No. Q. Were these men pounding with hammers? A. Not that I heard. Q. Did you hear any pounding or any chopping? A. No, sir.

We have set out this testimony as bearing upon the question of plaintiff's contributory negligence. There can be no doubt under the evidence that the billboards had not been over the sidewalk or any part thereof for more than ten minutes before plaintiff received her injuries. The questions arising upon this record are: (1) Was there enough testimony to take the case to the jury on the negligence of the defendant, and (2) was plaintiff guilty of contributory negligence? Plaintiff's counsel practically concede that an owner of property adjoining or abutting upon a public street may, in cases of necessity and for convenience, partially occupy and temporarily obstruct a public street with building material, merchandise, etc., but they insist that this is a rule of necessity not applicable to the facts presented by this record. While it may be that the rule is founded on necessity, that rule is not absolute, but extends also to cases of convenience, where that is the most practical manner of doing the work. There is no testimony that the work of taking down the billboard was improper, and it was not in the street long enough to become a public nuisance. The workmen were engaged in the act of removing the obstruction when the accident happened, and we are doubtful about any negligence being shown. *Stuart v. Havens,* 17 Neb. 211 (22 N. W. 419); *Raymond v. Keseberg,* 91 Wis. 191 (64 N. W. 861); *Cowan v. Railroad,* 84 Mich. 583 (48 N. W. 166); *Welsh v. Wilson,* 101 N. Y. 254 (4 N. E. 633, 54 Am. Rep. 698); *Galligher v. Proctor,* 84 Me. 41 (24 Atl. 459).

However this may be, we think the record conclusively establishes plaintiff's contributory negligence. The section of the billboard was in plain sight. There was a four by four nailed to the boards extending upon the sidewalk. It had been snowing, and the ground was white. The billboard had no snow upon it, and was plainly visible. Indeed the most casual glance would disclose its presence and location. Plaintiff's attention was in no manner diverted,

and had she used her eyes she could not have failed to see it. She either did see it or was negligent in not seeing it. If she saw it, and attempted to pass over it, she was negligent; and if she did not see it, as she says, then she was clearly negligent. Streets and sidewalks may be temporarily obstructed, and the traveler must be on the lookout for such obstructions. In this respect the case differs from one where there is a defect in the sidewalk itself. For this a traveler need not be on the lookout; for he may assume that no defects exist. But as to proper obstructions the rule is different. If this were not so, one might blindly walk into an obstruction, and say that he was not obliged to look out for it, and therefore was not negligent. The distinction we have pointed out has been recognized in many cases, although perhaps not heretofore succinctly stated. That plaintiff was guilty of such negligence as should defeat recovery see *Mathews v. City,* 80 Iowa, 465; *Bender v. Town of Minden,* 124 Iowa, 685; *Barce v. City,* 106 Iowa, 426.

We are of the opinion that the trial court was in error in not sustaining defendant's motion for a directed verdict, and the judgment must be, and it is, *reversed.*