Roth *v.* Verona Borough et al., Appellants.

Argued September 27, 1934.   Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Frederick Shoemaker,* of *Shoemaker & Knoell,* for appellant, in Nos. 168 and 169, and for appellee in No. 202.

*Addison Lyon,* for appellants, in Nos. 202 and 203.

*John M. Walker,* with him *Isadore A. Bernstein,* for appellee, P. H. Butler Company, in Nos. 169 and 203.

*R. A. Hitchens,* with him *David B. Fawcett,* for plaintiff, appellee.

OPINION BY MR. JUSTICE SIMPSON, November 26, 1934:

Plaintiff sued to recover damages for injuries sustained by stepping into a hole in the footway pavement on one of the public streets of the Borough of Verona. She averred that the hole was of such a size and character, and had so long existed that the borough was affected with constructive notice of its existence and its dangerous character, and hence was liable to her for the damages she suffered. Because the liability of the borough, if any, was secondary in character, it issued a scire facias, under the Act of April 10, 1929, P. L. 479, as amended by the Acts of June 22, 1931, P. L. 663, and May 18, 1933, P. L. 807, to bring upon the record, as additional defendants, the property owners and the tenant in possession, alleging that one or the other of them was primarily liable, if the borough was secondarily so.

The trial resulted in a verdict for plaintiff against all of the defendants, each of whom thereupon moved for judgment in his or its favor non obstante veredicto. The motion of the tenant in possession was granted, and judgment entered in his favor; and those of the borough and the property owners were dismissed, and separate judgments entered for plaintiff against them. These four appeals followed: one, No. 168, March Term, 1934, by the borough, alleging error in the refusal to enter judgment in its favor non obstante veredicto; one, No. 169, March Term, 1934, by the borough, alleging error in en-

tering judgment non obstante veredicto in favor of the tenant in possession; one, No. 202, March Term, 1934, by the property owners, alleging error in the refusal to enter judgment in their favor non obstante veredicto; and one, No. 203, March Term, 1934, by the property owners alleging error in entering judgment non obstante veredicto in favor of the tenant in possession.

The accident occurred at high noon of a bright, clear summer day. Plaintiff testified that she "knew the sidewalk was rough and uneven, it really wasn't fit to walk on." She also testified she saw the hole that day "when it was about twelve feet away." It was intimated that the hole might have been concealed from her view by children running around on the pavement, and by a man who was walking towards her. But she walked the twelve feet between it and her when she first saw it, before she and the man met face to face at one side of the hole, and then she stepped sideways directly into it. The man could not, therefore, at any time, have interfered with her vision, so far as the hole was concerned; and she was too close to the hole when she stepped into it for either him or the children to have interfered with her seeing it at that time. It is evident she was then giving no heed to her own safety. When she stepped to one side and into the hole, she either saw it or she did not. If she looked she must have then seen it and deliberately or negligently stepped into it, for she says it was oblong in shape, its longest diameter being ten inches, its smallest diameter eight and three-quarters inches and its depth one and a half inches. If she did not look, then she neglected her duty in traversing this pavement, which she knew "really wasn't fit to walk on." In either event she cannot recover.

The judgment to No. 168, March Term, 1934, and to No. 202, March Term, 1934, are each reversed and judgments non obstante veredicto are entered in favor of the appellants therein; the judgments to No. 169, March Term, 1934, and to No. 203, March Term, 1934, are each affirmed.