MARY D. RINFRET *vs.* GEORGE B. CLEGG, JR., C. T.

JULY 21, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Capotosto, J. This is an action of trespass on the case against the defendant as city treasurer of the city of Warwick to recover damages for injuries received by the plaintiff by reason of the alleged unsafe condition of a portion of the sidewalk on Oakland Beach avenue in that city.

The case was tried before a justice of the superior court sitting with a jury. At the conclusion of all the evidence the defendant moved that a verdict be directed in his favor. This motion was denied by the trial justice and an exception to that ruling was duly noted by the defendant. The jury having returned a verdict for the plaintiff in the sum of $500, the defendant has prosecuted this single exception in the bill of exceptions now before us.

The evidence shows that the accident happened about 9 o'clock, p. m., daylight saving time, on July 3, 1933. Whether street lights were on at the time does not appear. The plaintiff was walking in the center of the sidewalk on Oakland Beach avenue, with her sister on one side and a gentleman friend on the other, intending to go to Oakland Beach to join in the celebration of the night before the Fourth of July. The street was more or less crowded and a spirit of festivity prevailed.

The plaintiff testified that, as she was talking with her companions, she suddenly fell forward with her face to the ground; that after the accident, she noticed that there was a "hole" in the sidewalk where she fell, which she described as about a yard square with sharp points and deep. Her two companions testified that the hole was about three feet long, three feet wide and some four or five inches deep, and that it had been there for a long time.

The evidence shows that the plaintiff had lived near the place of the accident for many years, at least during the summer months, and that she had returned there in May previous to the accident. It further shows that she had frequently used that particular sidewalk before the accident in going to neighborhood stores or to her property in Oakland Beach.

The plaintiff's knowledge as to the existence of the defect in the sidewalk about which she now complains is best shown by her own testimony on this point. Although she denied knowledge of this defect in her original testimony, yet when she was recalled as a witness by her own counsel at the very end of the case, apparently for the purpose of showing that Oakland Beach avenue was a public highway, she testified as follows. Q. "Do you know how long that sidewalk in that particular place where you were injured was in use?" A. "So far as I know it was always like that." Q. "How long ago did you know it was there?" A. "Broken a good many years before that, so far as I know, as I went to Oakland Beach Sunday for a great many years." Q. "Do you mean a 'good many years'?" A. "About twenty-one or twenty-two." Q. "I think that's all." Her entire cross-examination at this point was as follows: Q. "How long had that sidewalk been broken?" A. "I have always seen it like that." Q. "It has always been that way ever since you knew it?" A. "I would walk around there and always saw it broke." Q. "You always saw it broken before this night?" A. "Yes, sir, I saw it broke but I never stepped on it before that night."

A person is not precluded as a matter of law from the use of a sidewalk merely by his knowledge that it is defective, but in using such sidewalk he is bound to use care commensurate with the danger reasonably to be apprehended. Ordinary care is a relative term, and the care to be exercised in the face of a known or apparent dangerous condition increases with the risk of injury that such condition reasonably presents. A person using a sidewalk which

he knows is in a defective or dangerous condition, who is not confronted with any sudden occurrence or emergency, is bound to exercise that degree of watchfulness and caution that a person of ordinary prudence would exercise under like circumstances.

There is no evidence in the instant case that, at the time of the accident, the plaintiff's attention was diverted by any sudden occurrence, or that there was any emergency which made it necessary for her to walk over a dangerous place in the sidewalk that she had avoided for some twenty-one or twenty-two years and had never "stepped on it before that night." No reason appears why the plaintiff, if she had been paying proper attention to the dangerous condition of which she had definite and long knowledge, might not have avoided it as she had done on many previous occasions, especially since the evidence shows that it was of considerable size and plainly to be seen.

We are aware of our well-established rule, which applies with equal force in this class of cases, that the question of the plaintiff's contributory negligence is generally one for the jury unless it clearly appears that the only proper inference from the facts is that in the circumstances of the case an ordinarily prudent person would not have acted as did the plaintiff. *Gilbane* v. *Lent,* 41 R. I. 462, 465. In the instant case, however, if we admit that the accident happened at the place where, and in the manner in which, the plaintiff contends that it did, concerning which there is a serious conflict of testimony, the evidence shows that, without any reason or cause beyond her control, the plaintiff failed to exercise any precaution against a danger with which she was acquainted.

However praiseworthy it may have been for the plaintiff and her friends, with whom she was talking as she walked along Oakland Beach avenue, to join in celebrating the night before the Fourth of July, this fact alone did not excuse her from the legal duty of exercising ordinary care to protect herself against injury from a dangerous condition

in the sidewalk, previously known and therefore frequently avoided by her. In these circumstances the necessary and sole inference to be drawn from the evidence is that she stumbled and fell because she was not looking for the "hole," as she was bound to do if it was dangerous and she knew of the danger. *Nicholas* v. *Peck, T.T.,* 20 R. I. 533; *Esleeck* v. *Capwell,* 72 A. (R. I.) 819. The evidence in this case shows conclusively that the plaintiff was guilty of contributory negligence as a matter of law at the time of the accident. The defendant's motion for a directed verdict in its favor should have been granted.

The exception of the defendant is sustained.

On October 4, 1937, the plaintiff may appear before this court and show cause, if any she has, why an order should not be entered remitting the case to the superior court with direction to enter judgment for the defendant.

*James O. McManus, Herbert E. Eklund, Roland E. Meunier,* for plaintiff.

*Carroll & Dwyer, Edward F. J. Dwyer,* for defendant.