EISNER v. SALT LAKE CITY (Bonneru, Third-Party Defendant and Respondent).

No. 7675.   Decided December 5, 1951.   (238 P. 2d 416.)

See 63 C. J. S., Municipal Corporations, sec. 850. Contributory negligence by one injured while stepping into sidewalk opening. 25 Am. Jur., Highways, sec. 466; 70 A. L. R. 1364.

*Rawlings, Wallace, Black, Roberts & Black,* and *Dwight L. King,* all of Salt Lake City, for appellant.

*Christensen, Holmgren & Kesler,* Salt Lake City, defendant, third-party plaintiff and respondent.

*McCullough, Boyce & McCullough,* Salt Lake City, third-party defendant and respondent.

HENRIOD, Justice.

This is an appeal from a judgment dismissing plaintiff's action against respondents, for injuries alleged to have resulted from a fall on a defective sidewalk. The court concluded that plaintiff was guilty of contributory negligence as a matter of law. The judgment is affirmed, with costs on appeal to respondents.

The accident occurred on the south sidewalk of West Broadway in Salt Lake City. The sidewalk has a usual width of two 6'x8' cement slabs, but at the point where

plaintiff fell one slab had been removed. Previously defendant Bonneru, a plumber, had excavated to install a sewer for an adjacent business house and the City had excavated to install a water meter. The soil settled, leaving an irregular depression of about eight inches at the deepest place. The defect had existed for over a year.

Plaintiff lived a few doors west of the defect and was familiar with it. She passed it two or three times a day and realized its danger, having declared that some time somebody would be hurt.

Plaintiff was walking west toward her home at 10:30 a. m. on a sunshiny day when the accident occurred. There was no snow and the sidewalk was dry. Plaintiff was aware that she was in the vicinity of the hole. Her view of the defect was unobstructed. As she drew abreast of the defect a large group of children (some 50 or 60) came along the sidewalk on their way to see a Santa Claus parade. The children were not formed in any mass cordon but were somewhat spread out and dispersed. Not thinking about the depression but with her eyes on the children, plaintiff stepped aside into the depression. In the fall her right wrist was broken.

That the degree of care which one must exercise for his own safety is a matter for the jury generally is true. But the authorities seem to hold that a pedestrian with prior knowledge of a sidewalk defect and an unobstructed daylight view who steps into a visible defect is contributorily negligent as a matter of law, such action falling short of standards attributable to the reasonable prudent man[1]. Most of the cases urged by plaintiff are

[1]*Hill* v. *City of Richmond*, 189 Va. 576, 53 S. E. 2d 810; *Burns* v. *Mayor and City Council of Baltimore*, 138 Md. 582, 115 A. 111; *Fleming* v. *City of Rockford*, 303 Ill. App. 224, 25 N. E. 2d 128; *Jackson* v. *City of Jamestown*, 33 N. D. 596, 157 N. W. 475; *Rinfret* v. *Clegg*, 58 R. I. 478, 193 A. 620; *Ryan* v. *Foster*, 137 Iowa 737, 115 N. W. 595, 21 L. R. A., N. S., 969; *D'Annunzio* v. *Philadelphia Suburban Water Co.*, 143 Pa. Super. 422, 18 A. 2d 86.

distinguishable for various reasons, including an absence of prior knowledge of the defect, that the injury occurred at night, or that the defect was concealed by snow.

Plaintiff's main contention is that a temporary forgetfulness may be excused where some outside cause distracts attention, and that one who has forgotten is in the same mental condition as one who never had knowledge. This contention is subject to limitations. Plainly, according to the authorities, the cause diverting a pedestrian's attention from a known danger at least must be unexpected and substantial; if it is not, the forgetfulness itself may well constitute contributory negligence. It cannot be said that such a principle is not based on reason, since in every sidewalk case plaintiff could show that for one reason or another his attention was distracted and he was inattentive when he should have been attentive, giving rise to an action for an injury which, absent such inattention, would not have resulted.

*Roth* v. *Vernona Borough,* 316 Pa. 279, 175 A. 689, whose facts were strikingly similar, sets down what we believe to be controlling principles here when it says:

"\* \* \* The man could not, therefore, at any time, have interfered with her vision, so far as the hole was concerned; and she was too close to the hole when she stepped into it for either him or the children to have interfered with her seeing it at that time. It is evident she was then giving no heed to her own safety. When she stepped to one side and into the hole, she either saw it or she did not. If she looked she must have then seen it and deliberately or negligently stepped into it, for she says it was oblong in shape, its longest diameter being ten inches, its smallest diameter eight and three-quarters inches, and its depth one and a half inches. If she did not look, then she neglected her duty in traversing this pavement, which she knew 'really wasn't fit to walk on.' In either event she cannot recover."

WOLFE, C. J., and McDONOUGH and CROCKETT, JJ., concur.

WADE, Justice (dissenting).

The prevailing opinion holds that

"according to the authorities, the cause diverting the pedestrian's attention from a known danger at least must be unexpected and substantial."

Applying that test I think this was a jury question. As I read this record plaintiff was alongside the hole in the sidewalk when she first saw 50 or 60 children coming toward her about three or four feet away, and even though they were not all abreast and did not touch or run into her or prevent her from seeing the hole, fifty or sixty children rushing to see Santa Claus, first observed when three or four feet away, seems to me to be a sudden and substantial diversion and sufficient from which a jury could reasonably find that she acted as a reasonable prudent person would act under the circumstances. I therefore dissent.